THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIAM BURMEISTER, Defendant-Appellant.

Second District   No. 85—596

Opinion filed August 26, 1986.—Rehearing denied October 21, 1986.

G. Joseph Weller and William A. Delaney II, both of State Appellate Defender's Office, of Elgin, for appellant.

Gerald Grubb, State's Attorney, of Belvidere (Kenneth R. Boyle, of State's Attorneys Appellate Prosecutor, of Springfield, and William L. Browers and Cynthia N. Schneider, both of State's Attorneys Appellate Prosecutor, of Elgin, of counsel), for the People.

JUSTICE SCHNAKE delivered the opinion of the court:

Defendant, William Burmeister, was convicted at a jury trial of one count of criminal sexual assault (Ill. Rev. Stat. 1985, ch. 38, par. 12—13(a)(3)) and two counts of aggravated criminal sexual abuse (Ill. Rev. Stat. 1985, ch. 38, par. 12—16(b).) On each count, he was sentenced to concurrent four-year periods of probation and fined $25. The conditions of probation included concurrent 120-day terms of imprisonment followed by concurrent 150-day terms of periodic imprisonment (work release). Defendant appeals, contending (1) that the statutes which define the offenses of which he was convicted, and which determine the possible sentences therefor, are an unreasonable and arbitrary exercise of the State's police power in violation of the constitutional requirement of due process of law; (2) that he was deprived of his constitutional right to a fair and impartial jury; (3) that his two convictions of aggravated criminal sexual abuse should be vacated because they arose from the same act as his conviction of crimi-

nal sexual assault; and (4) that the condition of probation requiring him to serve a 150-day term of periodic imprisonment is illegal and should be vacated.

Because defendant does not maintain that he was not proved guilty beyond a reasonable doubt, an extended discussion of the facts is unnecessary. The complaining witness, S.H., was the 14-year-old stepdaughter of defendant. She testified that on August 9, 1984, defendant attempted to rape her. In the course of the attack, he fondled her vagina with his hand and "used his mouth" on her breasts and her vagina. Defendant testified, denying the accusations.

The offenses of which defendant was convicted were created by Public Act 83—1067 (1983 Ill. Laws 7251). That act repealed various sex offense statutes and enacted statutes creating the offenses of criminal sexual assault, aggravated criminal sexual assault, criminal sexual abuse, and aggravated criminal sexual abuse. The new law, as amended, defines two forms of sexual activity: "sexual penetration" and "sexual conduct." Section 12—12(f) of the new law states:

> " 'Sexual penetration' means any contact, however slight, between the sex organ of one person and the sex organ, mouth or anus of another person, or any intrusion, however slight, of any part of the body of one person or of any animal or object into the sex organ or anus of another person, including but not limited to cunnilingus, fellatio or anal penetration. Evidence of emission of semen is not required to prove sexual penetration." (Ill. Rev. Stat. 1985, ch. 38, par. 12—12(f).)

Section 12—12(e) of the new law provides:

> " 'Sexual conduct' means any intentional or knowing touching or fondling by the victim or the accused, either directly or through clothing, of the sex organs, anus or breast of the victim or the accused, or any part of the body of a child under 13 years of age, for the purpose of sexual gratification or arousal of the victim or the accused." (Ill. Rev. Stat. 1985, ch. 38, par. 12—12(e).)

The criminal-sexual-assault offenses occur when the offender commits an act of "sexual penetration" under certain defined circumstances. The criminal-sexual-abuse offenses involve acts of "sexual conduct" or "sexual penetration." The assault offenses are punished more severely than the abuse offenses. Ill. Rev. Stat. 1985, ch. 38, pars. 12—13, 12—14, 12—15, 12—16.

■ The constitutional requirement of due process of law places limitations on the State's exercise of its police power. A legislative enactment is required to bear a reasonable relationship to the public in-

terest intended to be protected, and the means adopted must be a reasonable method of accomplishing the desired objective. (*People v. Wick* (1985), 107 Ill. 2d 62, 481 N.E.2d 676.) Defendant maintains that the legislative objective of the new law was "to provide a coherent pattern for criminalizing sex offenses by creating a statutory framework which would cover the spectrum of sex offenses, including offenses not previously covered." The State does not dispute this contention, and we agree that creating a coherent pattern of sex offenses was one of the primary purposes of this legislation.

■ Defendant's challenge to the constitutionality of the new law has three parts. First, he notes that the statutory definition of "sexual penetration" is different from the ordinary meaning of that term. "Penetration" normally connotes an act of passing into or through. (See Webster's Third New International Dictionary 1670 (1966).) The statutory definition of "sexual penetration," however, insofar as it involves contact between the sex organ of one person and the sex organ, mouth or anus of another person, does not require a penetration in this ordinary sense. Only contact is required. Defendant argues that "[f]or the legislature to create crimes with reference to 'penetration' and yet go on to define 'penetration' as 'contact' makes no sense at all." He maintains that this "unreasonable" definition frustrates the legislative objective of creating a coherent pattern of sex offenses. We cannot agree. The legislature may define terms in a statute so that they have a broader or narrower meaning than they otherwise would have. (See *People v. McCarty* (1981), 86 Ill. 2d 247, 427 N.E.2d 147; *People v. Hope* (1986), 142 Ill. App. 3d 171, 491 N.E.2d 785.) The fact that the term "sexual penetration" has been given a broader meaning than its dictionary definition does not mean that a coherent pattern of sex offenses has not been created.

■ Defendant's second challenge to the new law involves a comparison of the statutory definitions of "sexual penetration" and "sexual conduct." He maintains that because the ordinary definition of "penetration" was not used, and "sexual penetration" includes mere "contact," the term is indistinguishable from "sexual conduct" which involves "touching or fondling." This alleged failure to draw a meaningful distinction between these two terms results, defendant maintains, in a failure to distinguish the more serious offenses from the less serious ones. For example, under section 12—13(a)(1) criminal sexual assault, a Class 1 felony, is committed when the accused commits an act of "sexual penetration" by the use of force or threat of force. (Ill. Rev. Stat. 1985, ch. 38, par. 12—13(a)(1).) And under section 12—15(a)(1) criminal sexual abuse, a Class A misdemeanor, is

committed when the accused commits an act of "sexual conduct" by the use of force or threat of force. (Ill. Rev. Stat. 1985, ch. 38, par. 12—15(a)(1).) (Compare also Ill. Rev. Stat. 1985, ch. 38, pars. 12—13(a)(2), 12—13(a)(3) with Ill. Rev. Stat. 1985, ch. 38, pars. 12—15(a)(2), 12—16(b).) Defendant maintains that these subsections prohibit the same conduct, and that the legislative objective of creating a coherent pattern of sex offenses has, therefore, been lost.

We cannot agree. The weakness of defendant's argument is that he has focused on only a portion of the definition of "sexual penetration," *i.e.*, the word "contact." He has ignored the requirement that the contact be between the sex organ of one person and the sex organ, mouth or anus of another person. The "touching or fondling" of the sex organs, anus, or breast of the victim included in the term "sexual conduct" may be done with the hands or any other part of the accused. Thus, there is a very real distinction between the terms "sexual penetration" and "sexual conduct," and in our judgment, the legislative determination that sex offenses involving "sexual penetration" are generally more serious than those involving "sexual conduct" is an eminently reasonable one. An improper act of "sexual penetration" would generally be a greater affront to the personal dignity of the victim than an improper act of "sexual conduct." The supposed similarity of the terms does not, therefore, render the statute an unreasonable exercise of the State's police power.

■ Defendant's final challenge to the new law involves the mental state required for the differing offenses. He notes that the definition of "sexual penetration" does not include any mental state. The definition of "sexual conduct," however, requires that the touching or fondling be either "intentional or knowing" and "for the purpose of sexual gratification or arousal of the victim or the accused." Defendant maintains that the offenses based on "sexual penetration," which are generally punished more severely, require no mental state, whereas the offenses based on "sexual conduct," which are generally punished less severely, require a mental state. He maintains that this "anomaly" renders the statute unconstitutional. He also maintains that because the definition of "sexual penetration" does not include a mental state, the new law "reaches too far and punishes innocent conduct" and is, therefore, invalid.

We cannot agree with defendant's contention. Section 4—9 of the Criminal Code of 1961 provides that absolute liability (liability without a culpable mental state) obtains only if the crime is a misdemeanor which is not punishable by incarceration or by a fine exceeding $500, or if the statute defining the offense clearly indicates a legislative

purpose to impose absolute liability. (Ill. Rev. Stat. 1985, ch. 38, par. 4—9.) The offenses based on "sexual penetration" set forth in the new law are all punishable by incarceration, and we cannot find any for which the statute clearly indicates a legislative purpose to impose absolute liability with respect to the element of sexual penetration. (See Ill. Rev. Stat. 1985, ch. 38, pars. 12—13, 12—14, 12—15, 12—16; see also *People v. Farrokhi* (1980), 91 Ill. App. 3d 421, 414 N.E.2d 921.) Accordingly, for those offenses involving "sexual penetration" for which no mental state is explicitly set forth, a mental state of either intent, knowledge, or recklessness will be implied. (See 91 Ill. App. 3d 421, 414 N.E.2d 921; Ill. Rev. Stat. 1985, ch. 38, par. 4—3(b).) So construed, the statutes do not create the "anomaly" suggested by defendant, nor do they punish innocent conduct. We note in this regard that section 12—18(b) exempts from criminal liability medical examinations and procedures conducted by parents, caretakers, physicians, or other medical personnel for purposes and in a manner consistent with reasonable medical standards. (Ill. Rev. Stat. 1985, ch. 38, par. 12—18(b).) We also note that defendant has not suggested how a person could engage in an act of "sexual penetration" unintentionally. The challenges defendant has made to the constitutionality of the new law are without merit.

◼ We next consider defendant's contention that he was deprived of his constitutional right to a fair and impartial jury. Defendant's argument in this regard has two parts. First, he contends that juror Don Brotz should not have been allowed to serve. This argument is based on a revelation Brotz made to the court during trial to the effect that he lived next door to defendant and saw the police arrest him in connection with this case. He also saw the police remove some bedding from defendant's home. Defendant has waived this complaint about Brotz' qualifications. When the matter was brought to the court's attention, Brotz said that he had not and would not discuss the incident with the other jurors. Defense counsel was permitted to question Brotz, and concluded his examination by stating, "I have no objection to Mr. Brotz remaining on." The issue was not raised in defendant's post-trial motion. Accordingly, it may not be raised in this court. See *People v. Kirwan* (1981), 96 Ill. App. 3d 121, 421 N.E.2d 317.

◼ The second part of defendant's argument concerning the jury involves a report made by one of the witnesses, a nurse who had been involved in a medical examination of the complaining witness, that after her testimony was completed, a juror approached her during a recess and commented about how hard it is for a person to be on the

witness stand and be composed. The nurse responded by saying that she could not talk about it. Following this revelation defendant moved for a mistrial. The court responded by suggesting that the jurors be questioned so that the juror involved could be identified and replaced with an alternate juror. Defense counsel stated that he did not want the jurors questioned, and that he would "stand" on his motion for a mistrial. The court thereupon denied that motion, and defendant argues that the denial was improper. We disagree. In order to justify the declaration of a mistrial because of an improper communication involving a juror, it is necessary to show that defendant was prejudiced. (See *People v. Williams* (1967), 38 Ill. 2d 115, 230 N.E.2d 224.) Here, defendant failed to show sufficient prejudice to warrant a mistrial because the juror involved could have been replaced by an alternate. Accordingly, defendant's motion for mistrial was properly denied. See 38 Ill. 2d 115, 230 N.E.2d 224; *People v. D'Argento* (1969), 106 Ill. App. 2d 36, 245 N.E.2d 501.

We next consider defendant's contention that his two convictions of aggravated criminal sexual abuse should be vacated because they arose from the same act as his conviction of criminal sexual assault. In order to decide this issue, it will be helpful to review two opinions of our supreme court: *People v. Cox* (1972), 53 Ill. 2d 101, 291 N.E.2d 1, and *People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838, *cert. denied* (1977), 434 U.S. 894, 54 L. Ed. 2d 181, 98 S. Ct. 273.

In *Cox* the defendant was convicted of two counts of indecent liberties with a child based upon a single transaction. One count was predicated on an act of sexual intercourse, and the other on an act of deviate sexual assault. The court noted that the two counts involved acts almost simultaneous in time with the same victim, and that each act was one of three prohibited by the indecent-liberties statute. Under these circumstances, the court concluded that only one conviction could stand. The court explicitly distinguished cases where the multiple convictions were for different offenses.

*King* involved the latter situation. In *King* the court held:

"Prejudice results to the defendant only in those instances where more than one offense is carved from the same physical act. Prejudice, with regard to multiple acts, exists only when the defendant is convicted of more than one offense, some of which are, by definition, lesser included offenses. Multiple convictions and concurrent sentences should be permitted in all other cases where a defendant has committed several acts, despite the interrelationship of those acts. 'Act,' when used in

this sense, is intended to mean any overt or outward manifestation which will support a different offense. We hold, therefore, that *when more than one offense* arises from a series of incidental or closely related acts and the offenses are not, by definition, lesser included offenses, convictions with concurrent sentences can be entered." (Emphasis added.) *People v. King* (1977), 66 Ill. 2d 551, 566, 363 N.E.2d 838.

In the instant case defendant's conviction of criminal sexual assault (count I of the amended information) was based on his act of placing his mouth on the victim's vagina. His two convictions of aggravated criminal sexual abuse were based on his conduct in fondling her vagina with his hands (count III) and in fondling her breasts (count II). The State has conceded that under *Cox* one of the convictions of aggravated criminal sexual abuse must be vacated. We agree. The acts were almost simultaneous in time; they involved the same victim; and they were different violations of the same statute.

■ We next consider whether one of the remaining two convictions should be vacated. Because separate offenses are involved, we turn to *King* to resolve this question. It is readily apparent that aggravated criminal sexual abuse under section 12—16(b) is not, by definition, a lesser included offense of criminal sexual assault under section 12—13(a)(3). The former offense can be, and here was, based upon fondling of the victim's breasts, an element that is not included in the latter offense. Moreover, it is equally clear that defendant's convictions were based on separate acts within the meaning of *King*. Accordingly, separate convictions of criminal sexual assault and aggravated criminal sexual abuse are proper. (See *People v. Luigs* (1981), 96 Ill. App. 3d 700, 421 N.E.2d 961 (separate convictions of rape and indecent liberties based on the same transaction upheld where rape involved penetration and indecent liberties was predicated on kissing and fondling of victim's face and breasts).) Defendant has brought to our attention *People v. Ford* (1980), 83 Ill. App. 3d 57, 403 N.E.2d 512, where the court held that separate convictions of attempted rape and indecent liberties with a child could not be sustained even though the latter offense was based on kissing, and the former was based on defendant's conduct in ordering the victim to remove her clothing, in removing his own clothing, and in getting on top of the victim. In our judgment *Ford* is inconsistent with *King*, and we decline to follow it. See *People v. Boastick* (1986), 140 Ill. App. 3d 78, 488 N.E.2d 326 (*Ford* criticized for failing to recognize the importance of the fact that two different offenses were involved).

■ Defendant's final argument is that the condition of probation

requiring him to serve a 150-day term of periodic imprisonment is illegal and should be vacated. Under the circumstances of this case, the State has confessed error on this point, and we accept the State's concession. As noted above, on each conviction defendant was sentenced to concurrent 4-year periods of probation and fined $25. The conditions of probation included concurrent 120-day terms of imprisonment followed by 150-day terms of periodic imprisonment (work release). Defendant has already served the concurrent 120-day terms of imprisonment. Section 5—7—1(c) of the Unified Code of Corrections provides, in pertinent part:

> "The court shall not impose a sentence of periodic imprisonment if it imposes a sentence of imprisonment upon the defendant in excess of 90 days." (Ill. Rev. Stat. 1985, ch. 38, par. 1005—7—1(c).)

Under this enactment, either the 120-day terms of imprisonment or the 150-day terms of periodic imprisonment must be vacated. (See *People v. Evans* (1984), 124 Ill. App. 3d 634, 464 N.E.2d 1083, *cert. denied* (1985), 469 U.S. 1121, 84 L. Ed. 2d 328, 105 S. Ct. 1179.) Because defendant has already served the 120-day terms of imprisonment, we vacate the concurrent 150-day terms of periodic imprisonment.

For the foregoing reasons, we affirm the judgments of the circuit court of Boone County entered on the charges of criminal sexual assault in count I and aggravated criminal sexual abuse in count II, with the modification that the conditions of probation relating to periodic imprisonment are vacated. We vacate the judgment entered on the charge of aggravated criminal sexual abuse in count III.

Affirmed as modified in part; vacated in part.

HOPF and STROUSE, JJ., concur.