THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TERRANCE SMITH, Defendant-Appellant.

First District (3rd Division)   No. 85—2397

Opinion filed February 4, 1987.

James J. Doherty, Public Defender, of Chicago (R.H.R. Silvertrust, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr., Joan E. Disis, and Eugene Hollander, Assistant State's Attorneys, of counsel), for the People.

JUSTICE WHITE delivered the opinion of the court:

Defendant, 43-year old Terrance Smith, was charged by information with four counts of aggravated criminal sexual assault, one count of criminal sexual assault, and one count of unlawful restraint. At a bench trial, defendant was found guilty of aggravated criminal sexual abuse, held by the trial court to be a lesser included offense of aggravated criminal sexual assault. Defendant received a six-year sentence, and he now appeals.

On November 28, 1984, prosecutrix, who was then 11 years old, lived with her mother and defendant, her mother's boyfriend. Prosecutrix testified that after school that afternoon, defendant picked her up, threw her on a bed, pulled down her pants and underwear, and got on top of her. She testified that she was screaming as he put his penis into her vagina and that defendant put a pillow over her head and told her that if she didn't stop screaming, he was going to kill her. The mother was at work and did not return home until 6 p.m.

Prosecutrix did not tell her mother about these events until December 1st. Early that morning, defendant told the mother that he had gotten "high," that he had almost raped prosecutrix, and that he was moving out. The mother asked defendant what he meant by "almost." Defendant did not elaborate. The mother spoke to her daughter about what had happened and contacted the police, who took them to Mt. Sinai hospital.

At the hospital, mother and daughter were interviewed by an investigator from the Department of Children and Family Services (DCFS). Prosecutrix was not examined at that time. The mother was impatient because prosecutrix was not being treated and took her daughter home. Six days later, the mother brought prosecutrix back to the hospital. She told the attending nurse that they were wasting their time, that her boyfriend had almost raped her daughter, but did not actually rape the child, and that she had only returned with her daughter to the hospital because DCFS was on her back.

A vaginal examination of the prosecutrix by a doctor at the hospital showed no lacerations, no tears, no arrhythmia, and no old scars. Her hymen was only slightly open and not very irregular.

DCFS investigated the prosecutrix' complaint and concluded that the allegations were unfounded. The results of the investigation were included in a written report that was destroyed before trial in compliance with a State statute requiring that all reports of allegations determined unfounded be destroyed.

Defendant now appeals, and raises four issues for review: (1) that defendant was denied due process and the right to present a defense

where exculpatory evidence was destroyed; (2) that defendant was convicted of an offense distinct from that with which he was charged; (3) that the court did not have evidence of any sexual conduct other than criminal sexual assault; and (4) that defendant was improperly sentenced.

■ Defendant first argues that he was denied due process and his right to present a defense because DCFS destroyed the written report of his case. Defendant contends that because the prosecution and DCFS are both arms of the State, the prosecutor's failure to produce the destroyed report constitutes a suppression of evidence favorable to defendant under *Brady v. Maryland* (1963), 373 U.S. 83, 10 L. Ed. 2d 215, 83 S. Ct. 1194. In *Brady*, the defendant asked the prosecution to allow him to examine extrajudicial statements made by his cofelon, who was to be tried in a separate trial. Several statements were shown to him, but the prosecution withheld one statement in which the cofelon admitted to the actual homicide. Brady did not know of the statement until he had been convicted and sentenced and his conviction had been confirmed. The United States Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. 83, 87, 10 L. Ed. 2d 215, 218, 83 S. Ct. 1194, 1196-97.

We disagree with the defendant that destruction of the DCFS report by DCFS constituted such a suppression of evidence. Supreme Court Rule 412 requires the State to "disclose to defense counsel any material or information within its possession or control which tends to negate the guilt of the accused as to the offense charged" and to "ensure that a flow of information is maintained between the various investigative personnel and its office sufficient to place within its possession or control all material and information relevant to the accused and the offense charged." (87 Ill. 2d Rules 412(c), (f).) However, "knowledge of the physical examination of the complainant by DCFS, a noninvestigative governmental body, will not be imputed to the State. Without knowledge of the examination or possession of its results, the State cannot be found to have suppressed the material." (*People v. Visgar* (1983), 120 Ill. App. 3d 584, 590, 457 N.E.2d 1343.) We will not impute the behavior of DCFS to the State's Attorney, and we agree with the trial court that no *Brady* violation occurred. Here, where defendant could have called the DCFS investigator, Mr. Ott, to testify, especially after the court offered, "if it becomes necessary that Mr. Ott is to be a witness in this trial, every reasonable opportunity will be

given to the Defendant to obtain him," and where there was sufficient other evidence to convict defendant of the lesser included offense of aggravated criminal sexual abuse, we cannot accept defendant's claim that he was denied due process and the right to present a defense.

■ Defendant next argues that aggravated criminal sexual abuse is not a lesser included offense of aggravated criminal sexual assault and that defendant was therefore improperly convicted of an offense with which he had not been charged. " 'Included offense' means an offense which (a) [i]s established by proof of the same or less than all of the facts or a less culpable mental state (or both), than that which is required to establish the commission of the offense charged ***." Ill. Rev. Stat. 1983, ch. 38, par. 2—9.

The relevant portion of the aggravated-criminal-sexual-assault statute provides:

> "(b) The accused commits aggravated criminal sexual assault if:
>
> (1) the accused was 17 years of age or over and commits an act of sexual penetration with a victim who was under 13 years of age when the act was committed ***." Ill. Rev. Stat., 1984 Supp., ch. 38, par. 12—14(b).

The relevant part of the aggravated-criminal-sexual-abuse statute provides:

> "(c) The accused commits aggravated criminal sexual abuse if:
>
> (1) the accused was 17 years of age or over and commits an act of sexual conduct with a victim who was under 13 years of age when the act was committed ***." Ill. Rev. Stat., 1984 Supp., ch. 38, par. 12—16(c).

"Sexual conduct" is defined as "any intentional or knowing touching or fondling by the victim or the accused, either directly or through clothing, of the sex organs, anus or breast of the victim or the accused, or any part of the body of a child under 13 years of age, for the purpose of sexual gratification or arousal of the victim or the accused." (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 12—12(e).) Defendant claims that the "intentional or knowing" language of the sexual-conduct requirement for aggravated criminal sexual abuse constitutes an intent requirement that does not exist for aggravated criminal sexual assault and that therefore the former is not a lesser included crime of the latter. We disagree.

It is true that section 12—14 of the Criminal Code of 1963 (Ill. Rev. Stat. 1983, ch. 38, par. 12—14) does not prescribe the mental state for the crime of aggravated criminal assault. The question presented by defendant's argument then is whether the "intentional or

knowing" explicitly required for the crime of aggravated criminal sexual abuse is also required for the more serious crime of aggravated criminal sexual assault. Section 4—3(b) of the Criminal Code provides:

> "If the statute does not prescribe a particular mental state applicable to an element of an offense (other than an offense which involves absolute liability), any mental state defined in Sections 4—4, 4—5 or 4—6 is applicable." (Ill. Rev. Stat. 1983, ch. 38, par. 4—3(b).)

Sections 4—4, 4—5, and 4—6 define, respectively, intent, knowledge, and recklessness; any of these mental states is applicable to a criminal statute where no mental state is prescribed. (*People v. Whitlow* (1982), 89 Ill. 2d 322, 333, 433 N.E.2d 629, *cert. denied sub nom. Gibson v. Illinois* (1982), 459 U.S. 830, 74 L. Ed. 2d 68, 103 S. Ct. 68.) Therefore, aggravated criminal sexual assault, like aggravated criminal sexual abuse, may be established by showing that the defendant acted either knowingly or intentionally.

We believe that it would be impossible to accomplish the penetration necessary for aggravated criminal sexual assault unknowingly or unintentionally. Therefore, the mental state defined in section 4—6 of the Criminal Code, recklessness, is irrelevant to establishing the necessary criminal intent for acts constituting aggravated criminal sexual assault. The trial court properly considered the aggravated-criminal-sexual-assault statute as embodying a requirement that the criminal acts be performed intentionally or knowingly. Accordingly, we find that aggravated criminal sexual abuse is a lesser included offense of aggravated criminal sexual assault.

█ Defendant next argues that the trial court heard evidence only as to penetration for the purpose of determining whether defendant committed aggravated criminal sexual assault, but heard no evidence as to conduct short of penetration sufficient to convict defendant of aggravated criminal sexual abuse. We disagree. If the victim's testimony is clear and convincing, her testimony alone is sufficient to sustain the conviction. (*In re C.K.M.* (1985), 135 Ill. App. 3d 145, 150, 481 N.E.2d 883.) The credibility of the witness is for the trier of fact to determine. (*People v. Powell* (1985), 138 Ill. App. 3d 150, 156, 485 N.E.2d 560.) Here, where the prosecutrix testified that defendant removed his own pants and underwear, and those of the prosecutrix; where she testified that he climbed on top of her, covered her head with a pillow, and put his penis in her vagina; and where defendant admitted to the prosecutrix' mother that he almost raped the prosecutrix; the trial court properly concluded that sexual conduct had occurred, even though the evidence did not support beyond a reasonable

doubt the conclusion that a penetration took place. The evidence supports the trial court's ruling that an assailant over age 17 engaged in sexual conduct with a child under age 13. Therefore, defendant was properly found guilty of aggravated criminal sexual abuse.

■■ Finally, in reference to the trial judge's remark at the sentencing hearing that, "[i]t is my view that any sexual assault on a child is more serious," the defendant argues:

"This remark was totally irrelevant in view of the fact that defendant was not convicted of sexual assault. But it was also highly prejudicial in that it showed the trial court erroneously believed that the defendant stood before him convicted of a sexual assault on a child."

We disagree that the remark was prejudicial or showed that the judge believed that the defendant was convicted of sexual assault. At the sentencing hearing, the judge and counsel for both parties discussed at length the distinction between aggravated criminal sexual abuse and aggravated criminal sexual assault and why the trial court chose the aggravated-criminal-sexual-abuse ruling. At one point in the sentencing hearing, the judge clearly stated: "All I did was find the defendant guilty of criminal sexual abuse, aggravated criminal sexual abuse under the facts of this case. That's what I did. There was no finding of fact other than that."

■■ Defendant implies that he was given an aggravated-criminal-sexual-assault sentence rather than an aggravated-criminal-sexual-abuse sentence. However, aggravated criminal sexual abuse is a Class 2 felony. (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 12—16(e).) The sentence for a Class 2 felony is a minimum of three years and a maximum of seven years. (Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—1 (a)(5).) Here, defendant was sentenced to six years for aggravated criminal sexual abuse. In imposing its sentence, the court stated that it considered the presentence report, the nature of the crime, and the character and background of the defendant. The sentence was clearly within the guidelines of section 5—8—1(a)(5) of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—1(a)(5).). Therefore, we do not find the trial court abused its discretion in sentencing defendant.

Accordingly, the ruling of the trial court is affirmed.

Affirmed.

McNAMARA, P.J., and RIZZI, J., concur.