THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
TYRONE FINLEY, Defendant-Appellant.

First District (3rd Division)   No. 87—0795

Opinion filed December 28, 1988.

McBride, Baker & Coles, of Chicago (Marc L. Fogelberg and Robert W. Queeney, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Inge Fryklund, Catharine M. Forest, and Kent D. Sinson, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McNAMARA delivered the opinion of the court:
Defendant, Tyrone Finley, was charged with aggravated criminal sexual assault, residential burglary, armed violence, criminal sexual assault, and unlawful restraint. Following a bench trial, defendant was convicted of aggravated criminal sexual abuse and subsequently was sentenced to three years' felony probation, with periodic imprisonment for the first six months. Defendant appeals, alleging that aggravated criminal sexual abuse is not a lesser included offense of ag-

gravated criminal sexual assault and the conviction for aggravated criminal sexual abuse is legally inconsistent with the acquittal for aggravated criminal sexual assault; the prosecution did not prove beyond a reasonable doubt that the victim was not the spouse of defendant at the time of the offense; defendant was not proved guilty beyond a reasonable doubt of aggravated criminal sexual abuse; and defendant was denied a fair trial by the admission of the victim's prior consistent statement.

The victim testified that on December 8, 1985, at approximately 6:10 p.m., she returned to her home and was about to enter when defendant came up behind her, told her to open the door, and followed her into the house. Once inside, defendant ordered the victim's daughter to go upstairs. The victim's daughter testified that defendant was behind her mother with a gun and that he said he would hurt her mother if she did not go upstairs.

Defendant ordered the victim to go down to the basement. At the bottom of the stairs defendant told her to undress. She ran for the telephone but defendant pulled it from her hand and broke it. At that time, she saw a gun in defendant's hand. Defendant told her he wanted to have oral sex with her and then tore off her panties. Defendant pulled down his trousers and the victim performed oral sex on him while he held the gun to her head. About this time, the victim's son came home and proceeded to the basement. He saw defendant with his trousers down and with a gun in his pocket. The victim's son testified that defendant's hand was on the gun. Defendant told him to go upstairs; defendant said he was "taking care of some business." Defendant then had vaginal intercourse with the victim. She testified that she would not have had intercourse with defendant if the gun had not been there.

At some point during the evening, the telephone rang. The victim's daughter answered and told the caller, Reverend Flowers, that defendant was at the house and there was trouble. Reverend Flowers called the police. The police came to the house between 11:30 p.m. and 1 a.m. At defendant's direction, the victim told the police that everything was fine; defendant stood behind her with a gun. After the police left, defendant and the victim returned to the basement. With the gun close by, defendant again had vaginal intercourse with the victim. Defendant left between 6:30 and 7 a.m. Before leaving, he told the victim he would kill her. She did not call the police at that time because she believed defendant's threat. Later that day, however, she did call the police and they instructed her to come in to the police station. The victim went to the police station the next morning and

signed a complaint for aggravated assault. The following day, defendant was arrested and charged with aggravated criminal sexual assault. The victim signed a complaint for aggravated criminal sexual assault the day after defendant was charged.

Defendant first contends his conviction for aggravated criminal sexual abuse must be reversed because aggravated criminal sexual abuse is not a lesser included offense of aggravated criminal sexual assault.

■ Defendant argues that the "intentional or knowing" language of the sexual conduct requirement for aggravated criminal sexual abuse constitutes a *mens rea* requirement which does not exist for aggravated criminal sexual assault. The sexual penetration requirement for criminal sexual assault does not specifically provide a *mens rea* requirement. (Ill. Rev. Stat. 1985, ch. 38, par. 12—12(f).) Section 4—3(b) of the Criminal Code of 1961 provides:

> "If the statute does not prescribe a particular mental state applicable to an element of an offense (other than an offense which involves absolute liability), any mental state defined in Sections 4—4, 4—5 or 4—6 is applicable." (Ill. Rev. Stat. 1985, ch. 38, par. 4—3(b).)

Sections 4—4, 4—5 and 4—6 define, respectively, intent, knowledge, and recklessness. (Ill. Rev. Stat. 1985, ch. 38, pars. 4—4, 4—5, 4—6.) Any of these mental states is applicable to a criminal statute when no mental state is prescribed. (*People v. Whitlow* (1982), 89 Ill. 2d 322, 433 N.E.2d 629, *cert. denied sub nom. Gibson v. United States* (1982), 459 U.S. 830, 74 L. Ed. 2d 285, 103 S. Ct. 305.) Thus, one may be convicted of criminal sexual assault while acting knowingly, intentionally, or recklessly. One may not be convicted, however, of criminal sexual abuse while acting recklessly. Defendant argues, therefore, that criminal sexual abuse cannot be a lesser included offense of criminal sexual assault.

■ We held in *People v. Smith* (1987), 152 Ill. App. 3d 589, 504 N.E.2d 850, that aggravated criminal sexual abuse is a lesser included offense of aggravated criminal sexual assault. We adhere to that finding and we believe that decision controls our resolution of defendant's first contention.

In *Smith*, the court noted that both criminal sexual assault and criminal sexual abuse may be established by showing that defendant acted either knowingly or intentionally. The court additionally noted that it would be impossible to accomplish the penetration necessary for aggravated criminal sexual assault unknowingly and unintentionally; recklessness, therefore, is irrelevant to establishing the requisite

mental state for acts constituting aggravated criminal sexual assault. (*People v. Smith* (1987), 152 Ill. App. 3d 589, 504 N.E.2d 850.) We believe the *Smith* court's analysis is correct and, accordingly, decline to rule contrary to its parameters.

■ Defendant additionally argues that aggravated criminal sexual abuse is not established by the same or less than all of the facts than that which is required to establish aggravated criminal sexual assault. Thus, defendant concludes that aggravated criminal sexual abuse cannot be a lesser included offense of aggravated criminal sexual assault. See Ill. Rev. Stat. 1985, ch. 38, par. 2—9(a).

We believe aggravated criminal sexual abuse may be established by the same or less than all of the facts than that which is required to establish aggravated criminal sexual assault. In *People v. Creamer*, the court examined the criminal sexual abuse statute and the criminal sexual assault statute and determined that the difference between a charge under the latter and a charge under the former "lies solely in the fact that the assault requires proof of sexual penetration." (*People v. Creamer* (1986), 143 Ill. App. 3d 64, 70, 492 N.E.2d 923, 927.) It is true that the *Creamer* court reviewed a portion of the criminal sexual abuse statute and of the criminal sexual assault statute not under our consideration. Nonetheless, we believe its determination applies with equal force here.

Defendant relies on the decision in *People v. Burmeister* (1986), 147 Ill. App. 3d 218, 497 N.E.2d 1212, in support of his contention that the facts necessary to establish the two crimes differ. The *Burmeister* case, however, is inapposite. The *Burmeister* court addressed the issue of whether a defendant performed enough separate acts to constitute separate conduct which could uphold two convictions. The court determined that separate conduct had occurred and affirmed the defendant's conviction of both criminal sexual assault and criminal sexual abuse. (*People v. Burmeister* (1986), 147 Ill. App. 3d 218, 497 N.E.2d 1212.) The *Burmeister* court stated, without discussion, that aggravated criminal sexual abuse is not a lesser included offense of aggravated criminal sexual assault. (*People v. Burmeister* (1986), 147 Ill. App. 3d 218, 497 N.E.2d 1212.) We believe, however, that the *Creamer* court's analysis is correct; proof of the same or less facts than that which is required to establish criminal sexual assault can establish criminal sexual abuse. To the extent the *Burmeister* court determined criminal sexual abuse is not a lesser included offense of criminal sexual assault, we decline to follow it. Accordingly, we find aggravated criminal sexual abuse is a lesser included offense of aggravated criminal sexual assault.

■ Defendant next contends his conviction for aggravated criminal sexual abuse must be reversed because it is legally inconsistent with the acquittal of aggravated criminal sexual assault. We believe there is nothing inconsistent in finding defendant not guilty of the greater offense, but guilty of the lesser included offense. Specifically, there is nothing inconsistent in finding defendant did not commit sexual penetration, but did commit sexual conduct.

Sexual conduct merely requires "touching or fondling *** either directly or *through closing*, of the sex organs, anus or breast of the victim" (emphasis added) (Ill. Rev. Stat. 1985, ch. 38, par. 12—12(e)), whereas sexual penetration requires actual contact "between the sex organ of one person and the sex organ, mouth or anus of another person" (Ill. Rev. Stat. 1985, ch. 38, par. 12—12(f)). Accordingly, a finding that sexual penetration did not occur does not preclude a finding that sexual conduct did occur. The latter may be committed "through clothing," the former may not. Thus, defendant's conviction for aggravated criminal sexual abuse is not inconsistent with his acquittal for aggravated criminal sexual assault.

Defendant also contends that his conviction for aggravated criminal sexual abuse must be reversed because the prosecution failed to prove beyond a reasonable doubt that the victim was not defendant's spouse at the time of the offense.

■ Section 12—18(c) of the Criminal Code provides that, "No person may be *charged* by his or her spouse under Sections 12—13, 12—15 and 12—16 of this Code" (emphasis added) (Ill. Rev. Stat. 1985, ch. 38, par. 12—18(c)), but that prosecution of a spouse of a victim is permissible under section 12—14 if "the victim reported such offense to a law enforcement agency or the State's Attorney's office within 30 days after the offense was committed" (Ill. Rev. Stat. 1985, ch. 38, par. 12—18(c)).

■ ■ In Illinois, a marriage entered into prior to the dissolution of an earlier marriage of one of the parties is a prohibited marriage. (Ill. Rev. Stat. 1985, ch. 40, par. 212(a)(1).) Sharon Marshall testified that she married defendant on October 20, 1973, and that she divorced defendant on June 20, 1981, in a courtroom at the Daley Center. Marshall testified that attorney Harry T. Kronenberg represented her in the divorce proceedings. A letter from Mr. Kronenberg's office, however, states that a search of all the files in the office revealed no file, divorce or otherwise, of Tyrone Finley or Sharon Marshall. Moreover, the investigation report of the Cook County sheriff's police states there is no record of a divorce granted to Tyrone Finley and Sharon Marshall in Cook County between 1976

and 1985. The victim testified that she married defendant on September 25, 1982.

We believe it was reasonably concluded that defendant had never obtained a valid divorce from Sharon Marshall and, accordingly, that his marriage to the victim was prohibited under section 212(a)(1) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1985, ch. 40, par. 212(a)(1)). Thus, the victim was not the spouse of defendant at the time of the offense.

■■ ■ Moreover, defendant here was charged under section 12—14 of the Criminal Code. The victim properly reported the offense to the appropriate authorities within the requisite time period. Thus, even if the victim was defendant's spouse at the time of the offense, defendant's charge of aggravated criminal sexual assault was appropriate and not violative of section 12—18(c) of the Criminal Code. The fact that defendant's conviction was for a lesser included offense is not relevant to the determination of the appropriateness of the initial charge. In construing a statute, the function of the judiciary is to give effect to the language used therein; if the statutory language is plain, courts may not engraft other interpretations that conflict with the intent of the legislature. (*People v. Pierce* (1980), 80 Ill. App. 3d 514, 400 N.E.2d 62.) The statutory language here is clear and we will not give it a contrary interpretation. Therefore, the State had no obligation to prove beyond a reasonable doubt that the victim was not defendant's spouse at the time of the offense.

Defendant next contends he was not proved guilty beyond a reasonable doubt of aggravated criminal sexual abuse. Defendant alleges his conviction rested on the testimony of the victim and that her testimony was not credible.

Defendant points to the fact that on several occasions, the victim sought defendant's help with her mortgage payment and various other bills. Defendant refused each of the victim's requests. The day after one such refusal, the victim signed a complaint against defendant. Defendant additionally testified that after he refused to help the victim pay her attorney fees, she threatened to get him. Defendant further points out that the victim originally signed a complaint for aggravated assault and that in a statement to defense counsel, she stated that the sex with defendant on December 8, 1985, was consensual. At trial, however, she testified as to her fear of defendant and indicated that her statements to defense counsel were the result of defendant's threat to kill her.

■■ It is the function of the trier of fact to determine the credibility of witnesses, the weight to be given their testimony, and the

inferences to be drawn from the evidence. (*People v. Byron* (1987), 116 Ill. 2d 81, 506 N.E.2d 1247; *People v. Ahern* (1983), 119 Ill. App. 3d 532, 456 N.E.2d 852.) The trier of fact is in the best position to observe the demeanor of witnesses. (See, *e.g., In re Edmonds* (1980), 85 Ill. App. 3d 229, 406 N.E.2d 231.) When there is a conflict in the testimony, it is the duty of the trier of fact to resolve the conflict and to determine which witnesses are credible. (*People v. Rynberk* (1980), 92 Ill. App. 3d 112, 415 N.E.2d 1087.) A reviewing court may not substitute its judgment for that of the trier of fact on questions involving the credibility of witnesses and will not reverse a criminal conviction unless the evidence is so improbable as to raise a question of reasonable doubt of guilt. *People v. Manion* (1977), 67 Ill. 2d 564, 367 N.E.2d 1313, *cert. denied* (1978), 435 U.S. 937, 55 L. Ed. 2d 533, 98 S. Ct. 1513.

■■ Moreover, a conviction for aggravated criminal sexual abuse, where defendant denies the charge, will be upheld when there is either some corroboration of the prosecuting witness or where that testimony is otherwise clear and convincing. See, *e.g., People v. Leamons* (1984), 127 Ill. App. 3d 1056, 469 N.E.2d 1137.

■■ The victim here gave an unwavering account of the events of December 8, 1985. Moreover, her testimony was corroborated by two witnesses, her daughter and her son. We believe defendant was found guilty of aggravated criminal sexual abuse beyond a reasonable doubt. The trial court had the opportunity to hear and evaluate the credibility of the victim's testimony, as well as the testimony of various other witnesses. The court heard sufficient testimony to establish that defendant had committed the offense. Three persons testified that defendant had a gun; the victim testified that defendant used the gun to force her to have sexual intercourse with him; and the victim testified that defendant tore her panties off. The court reasonably could have determined that this action established the "touching or fondling" necessary to support a conviction for aggravated criminal sexual abuse. (Ill. Rev. Stat. 1985, ch. 38, pars. 12—12(e), 12—16.) We hold that defendant's action establishes sexual conduct sufficient to sustain his conviction.

Defendant's final contention is that he was denied a fair trial by the trial court's refusal to strike victim's prior consistent statement. Defendant argues that the State's attempt to rehabilitate the victim through the use of prior consistent statements was improper and constitutes grounds for reversal.

During cross-examination, the victim testified that she had talked with defense counsel in April 1986. Although not in response to the

defense counsel's question, defendant did not object or ask that the comment be stricken. On redirect examination the State explored the substance of the conversation. The victim stated she told defense counsel the same thing she had testified to in court, including the fact that defendant had a gun and forced her to have oral sex and vaginal intercourse. Defendant did not object at that time, but in a post-trial motion asked that the testimony be stricken. The trial court denied defendant's motion to strike.

Generally, proof of out-of-court declarations of a witness, in corroboration of testimony given by the witness at the trial of a case, is inadmissible, even after the witness has been impeached or discredited. (See, e.g., *Schmitt v. Chicago Transit Authority* (1962), 34 Ill. App. 2d 67, 179 N.E.2d 838; *Biela v. Messner* (1958), 18 Ill. App. 2d 236, 151 N.E.2d 406.) Evidence of prior consistent statements is admissible, however, to rebut a charge or an inference that the witness has a motive to testify falsely or that his testimony is of recent fabrication. (*People v. Clark* (1972), 52 Ill. 2d 374, 288 N.E.2d 363.) The prior consistent statements must have been made before the motive to testify falsely existed. *People v. Clark* (1972), 52 Ill. 2d 374, 288 N.E.2d 363.

At trial, defendant elicited testimony that on various occasions, as early as the date of the offense, the victim had asked defendant to help pay different bills and that on each occasion defendant had refused. One such occasion occurred just three days before this trial, seven months after the conversation with defense counsel. Defendant testified that after he refused, the victim said she would get him.

We believe that this testimony raised the inference that the victim had a motive to testify falsely. Nonetheless, the testimony reflects that the motive to testify falsely, or to fabricate, existed both before and after the date on which the prior consistent statements were made. Defendant had refused to pay the victim's bills as much as four months prior to the April meeting between the victim and defense counsel. Thus, admission of the prior consistent statement was erroneous (see *People v. Gibson* (1983), 117 Ill. App. 3d 270, 452 N.E.2d 1368), but the error in this bench trial is harmless. The victim's testimony was substantially corroborated by the testimony of her children. Both children saw defendant with a gun in his hand. The victim's son additionally saw defendant standing in the basement with his trousers down. Thus, the victim's prior statements to defense counsel merely were a cumulation of already properly admitted evidence. (See, e.g., *People v. Silvestri* (1986), 148 Ill. App. 3d 980,

500 N.E.2d 456.) Accordingly, the error resulting from the improper admission of the prior consistent statements is harmless.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

RIZZI and FREEMAN, JJ., concur.