*In re* C.J., a Minor (The People of the State of Illinois, Petitioner-Appellant, v. C.J., a Minor, Respondent-Appellee).

First District (4th Division)   No. 1—92—1538

Opinion filed January 20, 1994.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Kenneth T. McCurry, and Kevin J. Golden, Assistant State's Attorneys, of counsel), for the People.

Rita A. Fry, Public Defender, of Chicago (Karen M. Florek, Assistant Public Defender, of counsel), for appellee.

JUSTICE HOFFMAN delivered the opinion of the court:

A petition for adjudication of wardship was filed in the circuit court of Cook County alleging that the 11-year-old respondent, C.J., had committed the offense of aggravated criminal sexual assault on a three-year-old child. When the Department of Children and Family Services (DCFS) failed to produce records supporting its finding that the allegations against the respondent were unfounded, the trial court dismissed the petition. The State has appealed that dismissal and, for the reasons which follow, we affirm the ruling of the trial court.

The petition for adjudication of wardship was filed on June 20, 1991. The DCFS investigated the report of suspected child abuse or neglect and on July 12, 1991, it sent the respondent a letter stating: "After a thorough evaluation, we have determined the report to be 'unfounded.' This means that credible evidence of child abuse or neglect has not been found."

The respondent subpoenaed the DCFS's records on the investiga-

tion which supported its conclusion that the allegation of child abuse was unfounded, but the records were not produced. Eventually, the DCFS admitted to the court that the records were probably expunged and were not available. The respondent's attorney informed the court that the DCFS investigator had no independent recollection of the investigation and her notes could not be located.

The respondent moved to dismiss the petition based on the DCFS's failure to produce its records; the trial court granted the motion and dismissed the petition.

OPINION

In urging reversal, the State argues that the trial court abused its discretion in dismissing the petition for adjudication of wardship because the failure of the DCFS to produce its investigative reports to the respondent cannot be imputed to the State. In support of its argument, the State relies primarily upon the holdings in *People v. Smith* (1987), 152 Ill. App. 3d 589, 504 N.E.2d 850, and *People v. Visgar* (1983), 120 Ill. App. 3d 584, 457 N.E.2d 1343. Under the circumstances of this case, we disagree.

The records and reports sought by the respondent below were those documents which supported the finding of the DCFS that the charges against him were unfounded. There is no dispute that after the petition for adjudication of wardship was filed against the respondent, the DCFS sent him a letter informing him that it had conducted an investigation of the matter. There is also no dispute that the DCFS lost or destroyed its report and all of its investigative notes and records underlying its determination that the allegations against the respondent were unfounded. As a result of DCFS's actions, the respondent was never able to review any of the exculpatory information obtained by the DCFS in its investigation.

If an accused requests evidence from the State which is favorable to him, any suppression of that evidence by the State violates his constitutionally guaranteed right to due process of law when that evidence is material either to the questions of guilt or punishment, irrespective of good faith or bad faith on the part of the State. (*Brady v. Maryland* (1963), 373 U.S. 83, 10 L. Ed. 2d 215, 83 S. Ct. 1194.) The first issue for this court to determine is whether the actions of the DCFS in losing or destroying information addressing the question of the respondent's guilt can be imputed to the State.

■ The DCFS is an agency that was created by the legislature to protect and promote the welfare of the children of Illinois. (*People v. Johnson* (1991), 221 Ill. App. 3d 588, 584 N.E.2d 165.) The DCFS is charged with a variety of tasks in the discharge of its statutory re-

sponsibilities. Among them is the duty to inquire into charges of child abuse and neglect. (Ill. Rev. Stat. 1989, ch. 23, pars. 5004a, 5021.) As we held in *People v. Curtis* (1991), 219 Ill. App. 3d 218, 579 N.E.2d 428, when the DCFS acts in the discharge of its investigative responsibilities, it is a prosecutorial agent of the State. See also *People v. Hagar* (1987), 160 Ill. App. 3d 370, 513 N.E.2d 628.

In this case, the letter addressed to the respondent from the DCFS leaves no doubt as to the role that the agency played in relation to the petition pending against the respondent. The letter specifically acknowledges that the DCFS acted to investigate a report of suspected child abuse or neglect. As such, the DCFS acted as a prosecutorial agent of the State and its actions in that capacity will be imputed to the State. (*Curtis*, 219 Ill. App. 3d at 221-22.) We are not unaware that our holding on this issue can be interpreted as being in conflict with the holdings in *Smith* and *Visgar* which the State relies on; however, we believe that on this issue both *Smith* and *Visgar* are premised upon the faulty proposition that the DCFS is a noninvestigative governmental body. (*Smith*, 152 Ill. App. 3d at 592; *Visgar*, 120 Ill. App. 3d at 590.) We agree with the reasoning in *Curtis* that when the DCFS acts to inquire into charges of child abuse or neglect, it acts as an investigative agency rendering it a prosecutorial agent of the State. *Curtis*, 219 Ill. App. 3d at 221-22.

Because the DCFS was a prosecutorial agent of the State under the circumstances of this case, it follows that all the information in its possession relating to its investigation is considered to be under the possession and control of the State. (*People v. Moore* (1988), 178 Ill. App. 3d 531, 533 N.E.2d 463.) Hence, the loss or destruction of the reports and records in issue will be imputed to the State. The fact that the evidence in issue was lost or innocently destroyed as opposed to intentionally suppressed is immaterial (*People v. Klisnick* (1979), 73 Ill. App. 3d 148, 390 N.E.2d 1330; *People v. Bennett* (1980), 82 Ill. App. 3d 225, 402 N.E.2d 650), because the State has an affirmative duty not to dispose of evidence favorable to an accused (*People v. Moore* (1978), 61 Ill. App. 3d 694, 378 N.E.2d 516).

Having so determined, we must now address the question of whether the loss or destruction of the reports and records in question constituted a deprivation of the respondent's right to due process of law as guaranteed in the fourteenth amendment of the United States Constitution.

In *People v. Williams* (1980), 91 Ill. App. 3d 631, 633-34, 414 N.E.2d 1235, 1238, we held:

"A violation of due process occurs when a prosecutor, regardless of motive, suppresses evidence material to the question of the ac-

cused's guilt or innocence after there has been a request for its production. [Citation.] To prove there has been a violation it must be shown that the evidence was suppressed following a request for it by the defendant and that the evidence was favorable to the defendant and material either to guilt or to punishment. [Citations.] Materiality in a constitutional sense is not the mere possibility that the undisclosed information might have helped the defense or affected the outcome of the trial. Rather, the omitted evidence is material if, when evaluated in the context of the entire record, it creates a reasonable doubt of the defendant's guilt."

(See also *People v. Lewis* (1984), 105 Ill. 2d 226, 473 N.E.2d 901.) When the evidence is obviously of a substantial value to the defense and creates a reasonable doubt of guilt, the State is required to disclose it even without a specific request. (*United States v. Agurs* (1976), 427 U.S. 97, 49 L. Ed. 2d 342, 96 S. Ct. 2392; *People v. Jackson* (1991), 145 Ill. 2d 43, 582 N.E.2d 125.) The fact that the proceedings below were brought pursuant to the Juvenile Court Act of 1987 (Ill. Rev. Stat. 1989, ch. 37, par. 801—1 *et seq.*) has no effect upon the constitutional protections afforded to the respondent under the due process clause as it relates to the right of confrontation, the right to effectively cross-examine witnesses, and the requirement that the proceedings comport with constitutional notions of fundamental fairness. *Schall v. Martin* (1984), 467 U.S. 253, 81 L. Ed. 2d 207, 104 S. Ct. 2403; *In re Gault* (1967), 387 U.S. 1, 18 L. Ed. 2d 527, 87 S. Ct. 1428.

■ After the petition for wardship was filed against the respondent, the DCFS concluded that the allegations against him were unfounded; yet, the State elected to proceed forward with its pending petition contending to the trial court that it had evidence which warranted prosecution. The evidence that the respondent sought in this case was the investigative reports and records of the DCFS which led it to conclude that the allegations against him lacked merit. When a prosecutorial agent of the State has concluded based upon an investigation that the State's charges are unfounded, we believe that the materiality of the exculpatory information that led it to so conclude is evident. Where the evidence in question is unavailable, as in the present case, it would be absurd to require the respondent to prove that the missing information would in fact have been exculpatory. (*Klisnick*, 73 Ill. App. 3d at 159.) Additionally, we find nothing in the record to contradict the findings of the trial court that the loss or destruction of the reports and records sought by the respondent came at a point in time after the court had ordered the State to tender discovery to the respondent and that the information

leading the DCFS to conclude that the allegations against the respondent were unfounded could not be reconstructed due to the inability of the DCFS investigators to recall the case without their case notes which were also lost or destroyed.

Based upon the facts of this case, we concur with the finding of the trial judge that the respondent's right to due process was violated by what appears to have been an unwitting destruction of exculpatory evidence which could not be reconstructed and the only remedy available was to dismiss the action.

Affirmed.

JOHNSON and THEIS, JJ., concur.