NOTICE
Decision filed 01/04/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 220774-U

NO. 5-22-0774

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Champaign County. |
| | ) | |
| v. | ) | No. 10-CF-1192 |
| | ) | |
| DAVID K. ANDERSON, | ) | Honorable |
| | ) | Matthew D. Lee, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE BOIE delivered the judgment of the court.
Justices Barberis and McHaney concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The circuit court did not err in dismissing the defendant's petition for relief from judgment.

¶ 2    The defendant, David K. Anderson, is serving an aggregate sentence of 120 years of imprisonment for four counts of predatory criminal sexual assault of a child. He is appealing, *pro se*, from an order of the circuit court that dismissed his petition for relief from judgment. See 735 ILCS 5/2-1401 (West 2022). For the reasons that follow, this court affirms the circuit court's judgment.

¶ 3                                BACKGROUND

¶ 4    In 2010, the defendant was charged by information with four counts of predatory criminal sexual assault of a child. See 720 ILCS 5/12-14.1(a)(1) (West 2010) (now 720 ILCS 5/11-

1

1.40(a)(1) (West 2022)). Later that year, a jury returned verdicts of guilty on all four counts. In 2011, the circuit court sentenced him to imprisonment for 30 years on each of the four counts, with all sentences to be served consecutively. The defendant appealed.

¶ 5    On appeal, the Appellate Court, Fourth District, agreed with the only argument the defendant presented, namely, that the circuit court violated *People v. Krankel*, 102 Ill. 2d 181 (1984), by failing to make an adequate preliminary inquiry into the defendant's *pro se* posttrial claims of ineffective assistance of counsel. The cause was remanded so that an adequate inquiry could be made. *People v. Anderson*, 2012 IL App (4th) 110275-U.

¶ 6    On remand, the circuit court held a second preliminary inquiry. The court relied on the participation of the State, and in the end, it decided not to appoint substitute counsel. For the second time, the defendant appealed. Ultimately, the Fourth District Appellate Court issued a summary order, remanding the case "for yet another preliminary inquiry pursuant to *Krankel*, in which *** there shall be no adversarial participation by the State." *People v. Anderson*, No. 4-12-0960 (Dec. 19, 2014) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 7    On the second remand, the circuit court, after conducting its third *Krankel* inquiry, denied the appointment of substitute counsel and denied the defendant's *pro se* motion for a new trial. The defendant appealed. This time, the Fourth District affirmed the judgment of the circuit court. *People v. Anderson*, 2016 IL App (4th) 150649-U. This unpublished decision includes a thorough summary of the evidence adduced at the defendant's trial, including the testimony and various out-of-court statements (see 725 ILCS 5/115-10 (West 2010)) of the victim and the testimony of the defendant.

¶ 8    In 2017, the defendant filed an 86-page *pro se* petition for postconviction relief. See 725 ILCS 5/122-1 *et seq.* (West 2016). This petition contained dozens of claims of deprivation of

constitutional rights—before trial, during trial, posttrial, and on direct appeal. In one issue, "Issue XI," the defendant claimed that the statute under which he had been convicted—section 12-14.1(a)(1) of the Criminal Code of 1961—was "unconstitutionally void for vagueness/overbreadth, as applied." In a one-page order, the circuit court summarily dismissed the postconviction petition, finding that most of its claims were *res judicata* and the others were frivolous or patently without merit. The defendant appealed from the summary dismissal. The Fourth District affirmed. *People v. Anderson*, 2019 IL App (4th) 170251-U.

¶ 9    On February 24, 2022, the defendant filed the pleading that is the subject of the instant appeal, a petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2022)). The defendant claimed that his convictions were "facially 'void' " because the statute under which he was convicted, *i.e.*, section 12-14.1(a)(1) of the Criminal Code of 1961, was " 'incomplete' and/or 'vague' and/or 'overbroad.' " According to the defendant, the statute was faulty because it did not include a requisite mental state, it did not provide fair notice that the contemplated conduct could be charged as a crime, and its language was so sweeping that it opened the potential for punishing wholly innocent conduct. (More of the petition's content will be discussed *infra*.)

¶ 10    The State filed a motion to dismiss the defendant's section 2-1401 petition, and the defendant filed a response to the motion. The circuit court granted the State's motion, dismissing the defendant's section 2-1401 petition. The defendant filed a motion to reconsider the dismissal, which the court denied. Then, the defendant filed a notice of appeal from the order that dismissed his section 2-1401 petition, thus perfecting the instant appeal.

¶ 11                                    ANALYSIS

¶ 12    The defendant appeals from the circuit court's order that dismissed his section 2-1401 petition. In this appeal, the defendant appears *pro se*, and he has filed an appellant's brief with this court.

¶ 13    Section 2-1401 authorizes a circuit court to vacate or modify a final order or judgment in civil or criminal proceedings. *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶ 31. When the circuit court dismisses a section 2-1401 petition, the appellate court reviews that dismissal *de novo*. *People v. Vincent*, 226 Ill. 2d 1, 18 (2007).

¶ 14    Section 2-1401 provides that a petition must be filed within two years of the entry of the underlying judgment or order. 735 ILCS 5/2-1401(c) (West 2022). If a petition is filed more than two years after the underlying judgment was entered, it generally "cannot be considered." *People v. Caballero*, 179 Ill. 2d 205, 210 (1997). Here, the defendant's section 2-1401 petition was filed on February 24, 2022, which was years after the two-year limitations period already had expired.

¶ 15    However, section 2-1401(f) makes clear that the two-year limitations period does not apply if the judgment being challenged is "void." 735 ILCS 5/2-1401(f) (West 2022). If the judgment is void, it can be challenged at any time. *People v. Thompson*, 2015 IL 118151, ¶ 30.

¶ 16    In his section 2-1401 petition, the defendant claimed that his convictions for predatory criminal sexual assault of a child were "facially 'void.' " That is, he claimed that the judgment of conviction was entered under a facially unconstitutional statute—a statute that was void *ab initio*, a statute that was constitutionally infirm from its enactment, and therefore unenforceable. See *id.* ¶ 32. According to the defendant, his convictions were void because they were entered under a statute—section 12-14.1(a)(1) of the Criminal Code of 1961—that was " 'incomplete' and/or 'vague' and/or 'overbroad.' " The defendant criticized the statute for "fail[ing] to provide [a]

4

defense to parents and/or caregivers providing essential, routine care of a child consistent with societal standards" and for "fail[ing] to provide a proper scienter restricting liability to acts of criminal or devious intent." However, this claim has no merit.

¶ 17    Section 12-14.1(a)(1) of the Criminal Code states: "(a) The accused commits predatory criminal sexual assault of a child if: (1) the accused was 17 years of age or over and commits an act of sexual penetration with a victim who was under 13 years of age when the act was committed[.]" 720 ILCS 5/12-14.1(a)(1) (West 2010).

¶ 18    The key term "sexual penetration" is statutorily defined as

"any contact, however slight, between the sex organ or anus of one person and an object or the sex organ, mouth, or anus of another person, or any intrusion, however slight, of any part of the body of one person or of any animal or object into the sex organ or anus of another person, including, but not limited to, cunnilingus, fellatio, or anal penetration. Evidence of emission of semen is not required to prove sexual penetration." *Id.* § 11-0.1.

¶ 19    While it is true that the above statutory provisions do not explicitly prescribe a *scienter* or mental state for predatory criminal sexual assault of a child, where a criminal statute fails to specify a mental state as an element of the crime, a mental state of intent, knowledge or recklessness is implied. *Id.* §§ 4-3, 4-4, 4-5, 4-6. See also *People v. Terrell*, 132 Ill. 2d 178, 210 (1989) (at the time, those statutes were codified at Ill. Rev. Stat. 1985, ch. 38, ¶¶ 4-3, 4-4, 4-5, 4-6). *Terrell* discussed, approvingly, the opinion of the Appellate Court, Second District, in *People v. Burmeister*, 147 Ill. App. 3d 218 (1986). In *Burmeister*, the Second District stated: "For those offenses involving 'sexual penetration' for which no mental state is explicitly set forth, a mental state of either intent, knowledge, or recklessness will be implied. [Citation.] So construed, the statutes do not *** punish innocent conduct." *Id.* at 224. (At the defendant's trial in 2010, the jury

5

was instructed that to find the defendant guilty, it would have to find that he "intentionally or knowingly" performed an act of sexual penetration.) Contrary to the defendant's claim in his section 2-1401 petition, the statute does not punish innocent conduct and is not unconstitutionally incomplete, vague, or overbroad. The circuit court properly dismissed the section 2-1401 petition.

¶ 20    Also in his *pro se* appellant's brief, the defendant raises the issue of whether his convictions on two (of the four) counts of predatory criminal sexual assault of a child are "void for lack of personal or subject-matter jurisdiction." Personal jurisdiction "refers to the court's power to bring a person into its adjudicative process. [Citations.]" (Internal quotation marks omitted.) *People v. Castleberry*, 2015 IL 116916, ¶ 12. "Subject matter jurisdiction refers to a court's power to hear and determine cases of the general class to which the proceeding in question belongs. [Citation.]" (Internal quotation marks omitted.) *Id.* However, nothing that the defendant states in this section of his brief relates, in any way, to either type of jurisdiction. Instead, the focus is on the content of the two counts in the information, the testimony and other evidence of guilt at the defendant's trial, and a discussion of "touching," "contact," and "intrusion." It reads more like a claim of insufficient evidence to support a finding of guilt. If that is what the defendant wanted to argue, he could have argued it during his direct appeal. A sufficiency-of-the-evidence argument is not properly raised in a section 2-1401 petition. See, *e.g.*, *People v. Addison*, 371 Ill. App. 3d 941, 947 (2007) (issues that could have been raised on direct appeal, but were not, are forfeited in section 2-1401 proceedings).

¶ 21    Finally, the defendant argues in his appellant's brief that "Illinois Supreme Court Rule 608 is facially void as unconstitutional and contrary to the law as declared by the United States Supreme Court, wherein, said rule provides the State a means by which to conceal records of critical trial testimony from a criminal Defendant—especially one proceeding *pro se*." Illinois

Supreme Court Rule 608(a) (eff. July 1, 2017) states that "[t]he clerk of the circuit court shall prepare the record on appeal upon the filing of a notice of appeal as directed by the appellate court docketing order." It then states the required contents of the record on appeal, the time of filing, etc. The rule does not provide the State a means to hide records from criminal defendants. It does not favor the State over defendants. It does nothing to prejudice *pro se* defendants in any way. Furthermore, it is impossible to imagine how any problem with an appellate record would lead a court to vacate or modify a final judgment. See *Warren County*, 2015 IL 117783, ¶ 31.

¶ 22                                    CONCLUSION

¶ 23    For the reasons stated, the circuit court did not err in dismissing the defendant's section 2-1401 petition for relief from judgment. The judgment dismissing the petition is affirmed.


¶ 24    Affirmed.