(No. 62778

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. GARY JOHNSON, Appellee.

*Opinion filed October 17, 1986.*

Neil F. Hartigan, Attorney General, of Springfield (Roma J. Stewart, Solicitor General, and Mark L. Rotert and Scott Graham, Assistant Attorneys General, of Chicago, of counsel), for the People.

G. Joseph Weller, Deputy Defender, and Kathleen J. Hamill, Assistant Defender, of the Office of the State Appellate Defender, of Elgin, for appellee.

JUSTICE RYAN delivered the opinion of the court:

Gary Johnson, the defendant, was charged by information in the circuit court of Lake County with aggravated arson in that he, on July 30, 1985, by means of fire, knowingly partially damaged a building of another, having reason to know that a person or persons were present therein, in violation of section 20—1.1(a)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 20—1.1(a)(1)). On motion of the defendant, the circuit court of Lake County dismissed the aggravated-ar-

son charge against the defendant, holding that the section of the statute under which the information had been filed was unconstitutional. The State appealed to this court as a matter of right pursuant to Rule 603 (87 Ill. 2d R. 603).

Section 20—1.1 of the Criminal Code of 1961, at the time of the judgment of the trial court, provided:

"Aggravated Arson.

(a) A person commits aggravated arson when by means of fire or explosive he knowingly damages, partially or totally, any building or structure, including any adjacent building or structure, and (1) he knows or reasonably should know that one or more persons are present therein or (2) any person suffers great bodily harm, or permanent disability or disfigurement as a result of the fire or explosion or (3) a fireman or policeman who is present at the scene acting in the line of duty, is injured as a result of the fire or explosion.

(b) Sentence. Aggravated arson is a Class X felony." Ill. Rev. Stat. 1983, ch. 38, par. 20—1.1.

In *People v. Wick* (1985), 107 Ill. 2d 62, this court held unconstitutional subsection (3) of section 20—1.1(a), which provided that the offense of aggravated arson is committed when a person knowingly damages a building by fire or explosive and a fireman or policeman is injured at the scene as a result of the fire. Our rationale was that because aggravated arson, as defined by the statute, does not require an unlawful purpose in setting a fire, the statute sweeps too broadly by punishing innocent as well as culpable conduct. In *Wick* we noted that, by way of contrast with the aggravated-arson statute, the statute defining simple arson, a Class 2 felony, required a higher degree of malice or unlawful conduct than aggravated arson, a Class X felony. Section 20—1 defines arson as follows:

"Arson.

A person commits arson when, by means of fire or

explosive, he knowingly:

 (a) Damages any real property, or any personal property having a value of $150 or more, of another without his consent; or

 (b) With intent to defraud an insurer, damages any property or any personal property having a value of $150 or more.

 Property 'of another' means a building or other property, whether real or personal, in which a person other than the offender has an interest which the offender has no authority to defeat or impair, even though the offender may also have an interest in the building or property.

 (c) Sentence.

 Arson is a Class 2 felony." (Ill. Rev. Stat. 1983, ch. 38, par. 20—1.)

Thus, as noted in *Wick*, simple arson requires the unlawful purpose of either knowingly damaging by fire the property of another *without his consent* or damaging any property *with intent to defraud* an insurer, while an unlawful purpose is not required by the statute defining aggravated arson. (*People v. Wick* (1985), 107 Ill. 2d 62, 64-65.) We also noted that because the *mens rea* required for the lesser offense of arson is greater than that required for the greater offense of aggravated arson, the former cannot be a lesser included offense of the latter. (107 Ill. 2d 62, 65.) In *Wick* we considered only subsection (3) and specifically stated that we did not reach the question of the validity of subsections (1) and (2) of section 20—1.1. The validity of subsection (1) (Ill. Rev. Stat. 1983, ch. 38, par. 20—1.1(a)(1)) is now before us in this case.

 The State argues that the gist of the offense under subsection (1) is damaging a building by fire or explosive knowing that one or more persons are present in the building. It is the State's contention that this cannot be innocent conduct. It is true that this conduct may be

considered more culpable than that considered in *Wick* which involved subsection (3); however, this fact does not obviate the basic flaw in the aggravated-arson statute which mandated the *Wick* decision. The offense of aggravated arson, by its very name, refers to and was intended to define an aggravated offense, that is, an enhanced form of the underlying crime of arson. Subsections (1), (2) and (3) of the aggravated-arson statute prescribed three factors which, if present, were intended to enhance the offense of arson to the more serious crime of aggravated arson. In *Wick* we pointed out that the flaw in the statute lies in the fact that the underlying conduct which the aggravating factors were meant to enhance was not necessarily criminal in nature. In fact, as previously stated, we pointed out in *Wick* that the *mens rea* required by the statute of the offense which is supposedly aggravated (arson) to the more serious offense of aggravated arson is greater than that required by the statute defining the aggravated offense. The fact that the aggravating factor of subsection (1) which we are now considering may constitute culpable conduct by itself is not sufficient to overcome the controlling defect in the aggravated-arson statute noted in *Wick*.

No doubt the legislature, in enacting section 20—1.1, intended to provide for an aggravated form of arson and intended the factors set out in subsections (1), (2) and (3) to enhance the offense from simple arson, a Class 2 felony, to aggravated arson, a Class X felony. However, in doing so it did not define an underlying offense.

Since the judgment of the trial court in this case the legislature has amended section 20—1.1, effective December 9, 1985. The statute now provides:

"Aggravated Arson.

(a) A person commits aggravated arson when in the course of committing arson he knowingly damages, parti-

ally or totally, any building or structure, including any adjacent building or structure, and ***." (Ill. Rev. Stat. 1985, ch. 38, par. 20—1.1(a).)

This definition of the underlying offense is then followed by the three subsections which describe the aggravating conduct. We express no opinion as to the validity of the amended statute, but we point out that the legislature has attempted to cure the defect noted in *Wick* by defining an underlying offense which the subsections may enhance to the aggravated offense.

We deem our reasoning in *Wick* controlling in this case, and we hold subsection (1) of section 20—1.1(a) (Ill. Rev. Stat. 1983, ch. 38, par. 20—1.1(a)(1)) unconstitutional. We note that the appellate court in *People v. Palmer* (1986), 141 Ill. App. 3d 234, also held subsection (1) unconstitutional following the reasoning of this court in *Wick*.

For the reasons stated herein the judgment of the circuit court of Lake County is affirmed.

*Judgment affirmed.*