THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ALLAN E. BARTAY, Defendant-Appellant.

Fourth District   No. 4—86—0112

Opinion filed December 4, 1986.

Daniel D. Yuhas and Gary R. Peterson, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas K. Leeper, State's Attorney, of Quincy (Kenneth R. Boyle, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GREEN delivered the opinion of the court:

After a trial by jury in the circuit court of Adams County, defendant, Allan E. Bartay, was convicted of the offenses of aggravated criminal sexual assault and home invasion. He was subsequently sentenced to concurrent sentences of 15 years' imprisonment. He ap-

peals, contending that sections 12—13 and 12—14 of the Criminal Code of 1961 (Code) (Ill. Rev. Stat. 1985, ch. 38, pars. 12—13, 12—14), respectively, defining the offenses of criminal sexual assault and aggravated sexual assault, "are so unreasonable in their definitions and applications as to violate due process." He also maintains that the trial court erred in sentencing in refusing to consider the fact that he had been intoxicated at the time of the offense to be a mitigating factor. We disagree and affirm.

■ Defendant's contention of unconstitutionality is based upon the fact that, under section 12—14 of the Code, aggravated criminal sexual assault is a Class X felony, while under section 12—16 of the Code (Ill. Rev. Stat. 1985, ch. 38, par. 12—16), aggravated criminal sexual abuse is a Class 2 felony. The predicate offenses for a conviction of those two offenses are criminal sexual assault (Ill. Rev. Stat. 1985, ch. 38, par. 12—13) and criminal sexual abuse (Ill. Rev. Stat. 1985, ch. 38, par. 12—15), the essence of which are acts of "sexual penetration," and "sexual conduct" respectively, which are, in turn, defined as follows:

> "(e) 'Sexual conduct' means any *intentional or knowing touching or fondling* by the victim or the accused, either directly or through clothing, of the sex organs, anus or breast of the victim or the accused, or any part of the body of a child under 13 years of age, for the purpose of sexual gratification or arousal of the victim or the accused.

> (f) 'Sexual penetration' means any *contact*, however slight, between the sex organ of one person and the sex organ, mouth or anus of another person, or any intrusion, however slight, of any part of the body of one person or of any animal or object into the sex organ or anus of another person, including but not limited to cunnilingus, fellatio or anal penetration. Evidence of emission of semen is not required to prove sexual penetration." (Emphasis added.) Ill. Rev. Stat. 1985, ch. 38, pars. 12—12(e), (f).

Defendant maintains that there is no substantive difference between "sexual conduct" and "sexual penetration" because both occur merely upon making contact by the accused with forbidden areas of the body of the victim. However, treating offenses based on "sexual penetration" more severely is justified because "sexual penetration" requires contact between: (1) sex organs; (2) the sex organ and the mouth or anus; or (3) some slight intrusion by one person into the sex organ or anus of another. The requirements for "sexual contact" are met by mere *"touching or fondling."*

Defendant also contends that if greater penalties are to be imposed for one type of conduct rather than the other, the greater penalties should be imposed for offenses based on "sexual conduct" because it requires that the conduct be intentional or knowing and for the purpose of sexual arousal or gratification. However, the offenses based upon penetration cannot be considered to be absolute liability offenses. Accordingly, under section 4—3 of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, par. 4—3) the mental states of knowledge or intent would appear to be necessary for "sexual penetration" to occur. We are in agreement with *People v. Burmeister* (1986), 147 Ill. App. 3d 218, 497 N.E.2d 1212, which makes a similar analysis of this question. We also note that requiring knowledge of the act and intent to arouse to be an element of "sexual conduct" but not for "sexual penetration" is logical because the touching or apparent fondling which is a part of that offense is likely to occur by accident, negligence, or for a proper purpose, while penetration would seldom happen under such circumstances.

Defendant attempts to draw an analogy between the situation here and that in *People v. Wick* (1985), 107 Ill. 2d 62, 481 N.E.2d 676, where section 20—1.1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, par. 20—1.1) was declared to be invalid as an unreasonable exercise of the police power because it provided for a greater penalty than section 20—1 of the Act (Ill. Rev. Stat. 1981, ch. 38, par. 20—1), providing for the offense of simple arson, although the physical conduct upon which the two offenses were based was the same and the *mens rea* required for simple arson was greater. Here, as we have indicated, it is doubtful that the *mens rea* for the offense of aggravated criminal sexual abuse, which draws the lesser penalty, is greater than that for aggravated criminal sexual assault. In any event, the assault offense involves a physical act of a contact between sex organs or a sex organ and a mouth or anus or an intrusion, all of which the legislature could properly have considered to be a more serious impropriety than the mere touching or fondling required for criminal sexual abuse.

This court has recently upheld the constitutionality of section 12—14 when it was attacked by a slightly different due process argument. (*People v. Server* (1986), 148 Ill. App. 3d 888.) Section 12—14 also meets constitutional muster when faced with the arguments presented by defendant here.

In explaining at sentencing the seriousness of defendant's attack on an 82-year-old female victim, the court stated:

"So should I consider as a mitigating circumstance the fact

that you allowed your own body to become polluted with alcohol to the extent that you would commit such crimes? I don't know that that's appropriate either. If so, then everybody who commits a crime would have an excuse built in to walk away with a lenient treatment. You're an adult now, Allan, you're responsible for your own conduct, and so far as the Court's concerned what you allowed yourself to do that night is nobody's fault but your own, and you can profess your innocence from now until the end of time, but I'm satisfied that the jury's verdicts were based on solid evidence. They weren't hastily arrived at. And as a result of that you must pay a penalty."

■ The offense of aggravated criminal sexual assault is a Class X felony for which imprisonment of not less than 6 nor more than 30 years can be imposed. The sentences of concurrent terms of 15 years which were imposed were not severe for that offense. Section 5—5—3.1(a)(4) of the Unified Code of Corrections does state that "substantial grounds tending to excuse or justify" the conduct of the defendant is a mitigating factor though it fails to establish a defense. (Ill. Rev. Stat. 1983, ch. 38, par. 1005—5—3.1(a)(4).) In *People v. Walcher* (1969), 42 Ill. 2d 159, 246 N.E.2d 256, and *People v. Goodman* (1981), 98 Ill. App. 3d 743, 424 N.E.2d 663, both murder cases cited by defendant, harsh sentences of death and natural-life imprisonment, respectively, were set aside on review. The court concluded that the intoxication of the defendants at the time of the offenses and their addiction to intoxicating substances required lesser sentences.

Here, the court expressed uncertainty as to whether defendant's intoxication should be considered mitigating. The court did not state that it did not consider the intoxication to be mitigating. The court merely stated that the intoxication did not entitle defendant to "lenient treatment." The court then imposed a sentence which was in the middle range of that available but did not impose a harsh sentence. We find no error to have occurred at sentencing.

The convictions and sentences are affirmed.

Affirmed.

SPITZ, P.J., and MORTHLAND, J., concur.