THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
LARRY MYERS, Defendant-Appellant.

Fourth District   No. 4—88—0713

Opinion filed April 20, 1989.

Daniel D. Yuhas and Charles M. Schiedel, both of State Appellate Defender's Office, of Springfield (Peter L. Rotskoff, of counsel), for appellant.

Charles G. Reynard, State's Attorney, of Bloomington (Kenneth R. Boyle, Robert J. Biderman, and J.A.C. Knuppel, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

On July 13, 1988, defendant Larry Myers was found guilty by a jury sitting in the circuit court of McLean County of committing two counts of the offenses of aggravated criminal sexual assault and two counts of aggravated criminal sexual abuse, in violation of sections 12—14 and 12—16, respectively, of the Criminal Code of 1961 (Code) (Ill. Rev. Stat. 1987, ch. 38, pars. 12—14, 12—16). He was subsequently sentenced to concurrent six-year imprisonment terms on each sexual assault conviction, and three-year imprisonment terms on each sexual abuse conviction. He now appeals alleging the aggravated criminal sexual assault statute is unconstitutional.

Defendant was convicted of two counts of violating section 12—14(b)(1) of the Code (Ill. Rev. Stat. 1987, ch. 38, par. 12—14(b)(1)), which provides that an accused commits aggravated criminal sexual assault if the accused is 17 years of age or older and commits an act of sexual penetration with a victim who is under 13 years of age at the time the act was committed. It was alleged defendant committed an act of sexual intercourse with his nine-year-old ex-stepdaughter and had her perform an oral sexual act on him. He was also convicted of two counts of aggravated sexual abuse. (Ill. Rev. Stat. 1987, ch. 38, par. 12—16(c)(1).) It was alleged defendant fondled the victim and had her fondle him. Suffice it to say, there is sufficient evidence to sustain the convictions.

Defendant appeals solely the aggravated criminal sexual assault convictions. He argues for the first time on appeal that the statutes involved are unconstitutional. His first contention is that the section defining criminal sexual assault (Ill. Rev. Stat. 1987, ch. 38, par. 12—

13) is overbroad. His other two arguments are that the aggravated criminal sexual assault statute is overbroad and violates due process.

■ We initially observe, concerning defendant's first argument, that the point was not pursued at the trial court level nor contained in a post-trial motion. Generally, questions of constitutionality of a statute cannot be raised for the first time on appeal, but must have been presented to the trial court. (*People v. Cregar* (1988), 172 Ill. App. 3d 807, 826, 526 N.E.2d 1376, 1389; *People v. Whitfield* (1986), 147 Ill. App. 3d 675, 680, 498 N.E.2d 262, 266.) Accordingly, review of this question is waived. *Cregar*, 172 Ill. App. 3d at 826, 526 N.E.2d at 1389.

■ Further, defendant has no standing to pursue this issue. Defendant was convicted of violating section 12—14(b)(1). He now wishes to argue the constitutionality of section 12—13 of the Code (Ill. Rev. Stat. 1987, ch. 38, par. 12—13). While the offenses contained in section 12—13 can sometimes be an element of offenses contained in section 12—14(a) (see Ill. Rev. Stat. 1987, ch. 38, par. 12—14(a)), due to the nature of the offense in this case, section 12—13 is not involved. It is well settled that an individual has standing to challenge the constitutionality of a statutory provision if he is directly affected as one within the class aggrieved by the alleged unconstitutionality. (*People v. Wagner* (1982), 89 Ill. 2d 308, 311, 433 N.E.2d 267, 269; *People v. Mayberry* (1976), 63 Ill. 2d 1, 6, 345 N.E.2d 97, 100.) It is evident defendant is not *directly affected* by any alleged constitutional problem with section 12—13 and, thus, has no standing to raise such.

Defendant's next contention is that section 12—14(b)(1) of the Code is overbroad. As noted, this section prohibits acts of sexual penetration where the perpetrator is at least 17 years of age and the victim is under 13 years of age. Defendant's argument is centered on the definition of "sexual penetration," which is:

> " 'Sexual penetration' means any contact, however slight, between the sex organ of one person and the sex organ, mouth or anus of another person, or any intrusion, however slight, of any part of the body of one person or of any animal or object into the sex organ or anus of another person, including but not limited to cunnilingus, fellatio or anal penetration. Evidence of emission of semen is not required to prove sexual penetration." (Ill. Rev. Stat. 1987, ch. 38, par. 12—12(f).)

He observes this provision does not require that the act be done for purposes of the sexual gratification or arousal of the victim or accused, which is an element of sexual conduct. (See Ill. Rev. Stat. 1987, ch. 38, par. 12—12(e).) He believes this failure to limit the defi-

nition of sexual penetration results in a constitutionally overbroad statute, since innocent conduct, such as a parent bathing a young child inadvertently making a slight intrusion into said child, would come under the criminal penalties imposed.

■■ ■ Again, we note this argument is raised for the first time on appeal and is waived. (*Cregar*, 172 Ill. App. 3d at 826, 526 N.E.2d at 1389.) Also, unless the statute is one that may inhibit first amendment rights, a person may not challenge a statute as being overbroad on the grounds that the statute, in another context or situation not before the court, could be applied unconstitutionally to another party. (*People v. Haywood* (1987), 118 Ill. 2d 263, 275, 515 N.E.2d 45, 51; *People v. Holder* (1983), 96 Ill. 2d 444, 449, 451 N.E.2d 831, 833.) It is evident section 12–14(b)(1) does not affect first amendment rights. It is equally evident defendant was not involved in an innocent bathing of the victim. He has no standing to pursue this question.

■ Further, in reviewing the merits, we find no such asserted error. Several courts, including this one, have previously addressed the lack of intent contained in the definition of "sexual penetration" and its impact on innocent conduct. In *People v. Burmeister* (1986), 147 Ill. App. 3d 218, 224, 497 N.E.2d 1212, 1215-16, the court found that for offenses involving sexual penetration, which contained no mental state, the mental states of intent, knowledge, or recklessness would be implied, and that with this construction, the statutes are not constitutionally infirm, since they do not punish innocent conduct. (See also *People v. Ortiz* (1987), 155 Ill. App. 3d 786, 791, 508 N.E.2d 490, 494.) In *People v. Bartay* (1986), 150 Ill. App. 3d 130, 132, 501 N.E.2d 364, 365, this court agreed with the analysis in *Burmeister* and held that, pursuant to section 4–3 of the Code (Ill. Rev. Stat. 1987, ch. 38, par. 4–3), the mental states of knowledge or intent would be necessary for "sexual penetration" to occur. So construed, it is apparent the statute does not punish innocent conduct and is not unconstitutionally overbroad.

Defendant lastly contends the statute violates due process since, while it is entitled "Aggravated criminal sexual assault," the offense of criminal sexual assault is not an included offense of the offense charged. He relies on language contained in *People v. Johnson* (1986), 114 Ill. 2d 69, 72, 499 N.E.2d 470, 472, where the court stated:

"The offense of aggravated arson, by its very name, refers to and was intended to define an aggravated offense, that is, an enhanced form of the underlying crime of arson. *** [T]he flaw in the statute lies in the fact that the underlying conduct which the aggravating factors were meant to enhance was not neces-

sarily criminal in nature."

From this, he draws the conclusion that the supreme court held that an offense entitled as an aggravated offense, which by definition fails to contain all the elements of the underlying entitled offense, violates the reasonableness requirement of the due process clause.

Prefatorily, we note this question is also raised for the first time on appeal and is, accordingly, deemed waived. *Cregar*, 172 Ill. App. 3d at 826, 526 N.E.2d at 1389.

On the merits, it is evident defendant misapprehends the *Johnson* opinion. *Johnson* was a sequel to *People v. Wick* (1985), 107 Ill. 2d 62, 481 N.E.2d 676, where the court held one subsection of the aggravated arson statute was unconstitutional because the statute failed to include a culpable intent, and the underlying conduct could be innocent, as well as criminal. In *Johnson*, another subsection of the statute was under attack. The State argued that the aggravating factor contained in this subsection could not be innocent conduct. At this point, the court observed:

> "It is true that this conduct may be considered more culpable than that considered in *Wick* which involved subsection (3); however, this fact does not obviate the basic flaw in the aggravated-arson statute which mandated the *Wick* decision. The offense of aggravated arson, by its very name, refers to and was intended to define an aggravated offense, that is, an enhanced form of the underlying crime of arson. Subsections (1), (2) and (3) of the aggravated-arson statute prescribed three factors which, if present, were intended to enhance the offense of arson to the more serious crime of aggravated arson. In *Wick* we pointed out that the flaw in the statute lies in the fact that the underlying conduct which the aggravating factors were meant to enhance was not necessarily criminal in nature." (*Johnson*, 114 Ill. 2d at 71-72, 499 N.E.2d at 472.)

Thus, it is evident, after reviewing the case and the full passage involved, that the court is not holding that an offense entitled as an aggravated offense must contain all the elements of the underlying entitled offense, but it is addressing the circumstances where a statute sets forth aggravating factors without setting forth any criminal underlying conduct.

■ This is not the present circumstance. The aggravated criminal sexual assault statute provides the offense is committed when a person commits the offense of criminal sexual assault with certain aggravating factors present, or when an act of sexual penetration is committed, and the actors are within certain age categories. (Ill. Rev.

Stat. 1987, ch. 38, par. 12—14.) Since the penalties are the same, the legislative intent was obviously to lump similarly outrageous conducts together in the same section. We find this perfectly reasonable. Defendant places too much emphasis on the title of the offenses. We can find no authority for the position that an offense entitled as "aggravated" must include all the elements of the entitled underlying offense, or it will run afoul of the due process clause.

Affirmed.

McCULLOUGH, P.J., and SPITZ, J., concur.