THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JOHN D. RAMSEY, Defendant-Appellant.

Fifth District   No. 5—88—0487

Opinion filed November 3, 1989.

Daniel M. Kirwan, of State Appellate Defender's Office, of Mt. Vernon, and Lori J. Lanciani, of State Appellate Defender's Office, of Springfield, for appellant.

Kathleen Alling, State's Attorney, of Mt. Vernon (Kenneth R. Boyle, Stephen E. Norris, and Ellen Eder Irish, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE CHAPMAN delivered the opinion of the court:

After a stipulated bench trial, the defendant, John Ramsey, was convicted of aggravated criminal sexual assault (Ill. Rev. Stat. 1987, ch. 38, par. 12—14(b)(1)) for committing an act of sexual penetration with a victim under 13 years of age by placing his penis in the anus of the victim. On appeal, the defendant contends that the aggravated criminal sexual assault statute deprives him of due process under the United States and Illinois Constitutions because: (1) the statute is overly broad and punishes innocent as well as culpable behavior because the legislature has failed to limit the scope of the statute to acts done for the purpose of sexual gratification or arousal; (2) the statute requires no mental state, while the less culpable offense of aggravated criminal sexual abuse requires an intentional or knowing touching done for purposes of sexual gratification or arousal; and (3) criminal sexual assault is not a lesser included offense of aggravated criminal sexual assault, and the statute therefore fails to define an underlying offense. We affirm.

■ We note at the outset that it is now clear that a defendant does not waive his right to challenge the constitutionality of a statute by failing to raise the issue in the circuit court, as "a constitutional challenge to a statute can be raised at any time." (*People v. Bryant* (1989), 128 Ill. 2d 448, 454, 539 N.E.2d 1221, 1224.) We therefore address the merits of defendant's arguments.

Defendant first contends that the aggravated criminal sexual assault statute is unconstitutionally overbroad because the act of sexual

penetration prohibited by the statute need not be done for the purpose of sexual gratification or arousal. In failing to so limit the prohibited act, the defendant argues, the statute may be construed to apply to innocent conduct such as washing an infant, or to a detention officer's body search of a juvenile detainee.

Section 12—14(b)(1) of the Criminal Code of 1961 provides:

"(b) The accused commits aggravated criminal sexual assault if:

(1) the accused was 17 years of age or over and commits an act of sexual penetration with a victim who was under 13 years of age when the act was committed ***." (Ill. Rev. Stat. 1987, ch. 38, par. 12—14(b)(1).)

Section 12—12(f) defines "sexual penetration" as:

"[A]ny contact, however slight, between the sex organ of one person and the sex organ, mouth or anus of another person, or any intrusion, however slight, of any part of the body of one person or of any animal or object into the sex organ or anus of another person, including but not limited to cunnilingus, fellatio or anal penetration. Evidence of emission of semen is not required to prove sexual penetration." (Ill. Rev. Stat. 1987, ch. 38, par. 12—12(f).)

Sexual conduct, on the other hand, which is the primary element in the offenses of criminal sexual abuse (Ill. Rev. Stat. 1987, ch. 38, par. 12—15) and aggravated criminal sexual abuse (Ill. Rev. Stat. 1987, ch. 38, par. 12—16), is defined as:

"[A]ny intentional or knowing touching or fondling by the victim or the accused, either directly or through clothing, of the sex organs, anus or breast of the victim or the accused, or any part of the body of a child under 13 years of age, *for the purpose of sexual gratification or arousal of the victim or the accused.*" (Emphasis added.) Ill. Rev. Stat. 1987, ch. 38, par. 12—12(e).

■■ ■ The State argues that because the defendant was convicted of placing his penis in the anus of the victim, his standing to challenge the aggravated criminal sexual assault statute is limited to that type of conduct. We agree. A defendant "may challenge a statute as overbroad on the ground that it may be applied unconstitutionally to situations and questions not before the court only if the statute is one that may inhibit the exercise of rights of expression or association protected under the first amendment." (*People v. Haywood* (1987), 118 Ill. 2d 263, 275, 515 N.E.2d 45, 51; see *Broadrick v. Oklahoma* (1973), 413 U.S. 601, 611-12, 37 L. Ed. 2d 830, 839-40,

93 S. Ct. 2908, 2915-16.) The hypothetical situations posited by the defendant as examples of the statute's overbreadth do not implicate the first amendment rights of expression or association. (See *Haywood*, 118 Ill. 2d at 275, 515 N.E.2d at 51; *People v. Campos* (1987), 155 Ill. App. 3d 348, 360-61, 507 N.E.2d 1342, 1350.) We find, therefore, that the defendant lacks standing to challenge the statute as overbroad.

■ The defendant next argues that the aggravated criminal sexual assault statute violates due process because no mental state is required for conviction, while the less serious offense of aggravated criminal sexual abuse requires an intentional or knowing touching done for purposes of sexual gratification or arousal. The defendant relies on *People v. Wick* (1985), 107 Ill. 2d 62, 481 N.E.2d 676, where the Illinois Supreme Court held that subsection (a)(3) of the aggravated arson statute (Ill. Rev. Stat. 1981, ch. 38, par. 20—1.1(a)(3)) was unconstitutional because it failed to require a culpable intent. It has been held, however, that the aggravated criminal sexual assault statute implicitly requires that the act of sexual penetration must be intentional or knowing. (*People v. Smith* (1987), 152 Ill. App. 3d 589, 593-94, 504 N.E.2d 850, 852-53; *People v. Bartay* (1986), 150 Ill. App. 3d 130, 132, 501 N.E.2d 364, 365; *People v. Burmeister* (1986), 147 Ill. App. 3d 218, 223-24, 497 N.E.2d 1212, 1215-16; see also *People v. Finley* (1988), 178 Ill. App. 3d 301, 533 N.E.2d 94; *People v. Ortiz* (1987), 155 Ill. App. 3d 786, 508 N.E.2d 490; Ill. Rev. Stat. 1985, ch. 38, par. 4—3.) While the sexual abuse offenses require the additional element of sexual gratification or arousal, this requirement is reasonable and necessary because "the touching or apparent fondling which is a part of that offense is likely to occur by accident, negligence, or for a proper purpose, while penetration would seldom happen under such circumstances" (*Bartay*, 150 Ill. App. 3d at 132, 501 N.E.2d at 365). Both criminal sexual abuse and criminal sexual assault require culpable intent: one the intent to touch or fondle for sexual purposes; the other the intent to commit an act of sexual penetration. We are not prepared to say that the degree of malice or unlawful purpose for the latter offense is less than that for the former. (See *Burmeister*, 147 Ill. App. 3d at 223, 497 N.E.2d at 1215 ("[T]he legislative determination that sex offenses involving 'sexual penetration' are generally more serious than those involving 'sexual conduct' is an eminently reasonable one").) Therefore we find no violation of due process.

The defendant's final contention is that the aggravated criminal sexual assault statute violates due process because criminal sexual

assault is not a lesser included offense of aggravated criminal sexual assault under section 12—14(b)(1), and therefore, the aggravated offense is not predicated on underlying criminal conduct. The defendant relies on *People v. Johnson* (1986), 114 Ill. 2d 69, 499 N.E.2d 470, which held that the aggravated arson statute was unconstitutional because it failed to define an underlying offense. The *Johnson* court stated:

> "The offense of aggravated arson, by its very name, refers to and was intended to define an aggravated offense, that is, an enhanced form of the underlying crime of arson. Subsections (1), (2) and (3) of the aggravated-arson statute prescribed three factors which, if present, were intended to enhance the offense of arson to the more serious crime of aggravated arson. In *Wick* we pointed out that the flaw in the statute lies in the fact that the underlying conduct which the aggravating factors were meant to enhance was not necessarily criminal in nature. In fact, as previously stated, we pointed out in *Wick* that the *mens rea* required by the statute of the offense which is supposedly aggravated (arson) to the more serious offense of aggravated arson is greater than that required by the statute defining the aggravated offense. The fact that the aggravating factor of subsection (1) which we are now considering may constitute culpable conduct by itself is not sufficient to overcome the controlling defect in the aggravated-arson statute noted in *Wick*.
>
> No doubt the legislature, in enacting section 20—1.1, intended to provide for an aggravated form of arson and intended the factors set out in subsections (1), (2) and (3) to enhance the offense from simple arson, a Class 2 felony, to aggravated arson, a Class X felony. However, in doing so it did not define an underlying offense." *Johnson*, 114 Ill. 2d at 72, 499 N.E.2d at 472.

The State argues that *Johnson* is distinguishable because an examination of the sexual assault statutes indicates that the legislature did not intend subsection (b) of the aggravated criminal sexual assault statute to be an enhanced offense of simple criminal sexual assault. Instead, subsection 12—14(b) was intended to recodify certain sex offenses against children, not all of which required the use of force. We agree.

Section 12—13 of the Criminal Code of 1961 (Ill. Rev. Stat., 1988 Supp., ch. 38, par. 12—13) provides:

> "Criminal Sexual Assault. (a) The accused commits criminal

sexual assault if he or she:

(1) commits an act of sexual penetration by the use of force or threat of force; or

(2) commits an act of sexual penetration and the accused knew that the victim was unable to understand the nature of the act or was unable to give knowing consent; or

(3) commits an act of sexual penetration with a victim who was under 18 years of age when the act was committed and the accused was a family member; or

(4) commits an act of sexual penetration with a victim who was at least 13 years of age but under 18 years of age when the act was committed and the accused was 17 years of age or over and held a position of trust, authority or supervision in relation to the victim."

Section 12–14 of the Criminal Code of 1961 (Ill. Rev. Stat., 1988 Supp., ch. 38, par. 12–14) provides:

"Aggravated Criminal Sexual Assault. (a) The accused commits aggravated criminal sexual assault if he or she commits criminal sexual assault and any of the following aggravating circumstances existed during the commission of the offense:

(1) the accused displayed, threatened to use, or used a dangerous weapon or any object fashioned or utilized in such a manner as to lead the victim under the circumstances reasonably to believe it to be a dangerous weapon; or

(2) the accused caused bodily harm to the victim; or

(3) the accused acted in such a manner as to threaten or endanger the life of the victim or any other person; or

(4) the criminal sexual assault was perpetrated during the course of the commission or attempted commission of any other felony by the accused; or

(5) the victim was 60 years of age or over when the offense was committed; or

(6) the victim was a physically handicapped person.

(b) The accused commits aggravated criminal sexual assault if:

(1) the accused was 17 years of age or over and commits an act of sexual penetration with a victim who was under 13 years of age when the act was committed; or

(2) the accused was under 17 years of age and (i) commits an act of sexual penetration with a victim who was under 9 years of age when the act was committed; or (ii) commits an act of sexual penetration with a victim who was at least 9

years of age but under 13 years of age when the act was committed and the accused used force or threat of force to commit the act.

(c) The accused commits aggravated criminal sexual assault if he or she commits an act of sexual penetration with a victim who was an institutionalized severely or profoundly mentally retarded person at the time the act was committed."

■■ ■ The purpose of the Criminal Sexual Assault Act (Pub. Act 83—1067, amended by Pub. Act 83—1117) was to "recodify the sexual offenses into a comprehensive statute with uniform statutory elements that would criminalize all sexual assaults without distinguishing between the sex of the offender or the victim and the type of sexual act proscribed." (*Haywood*, 118 Ill. 2d at 271, 515 N.E.2d at 49.) It is clear that subsection (a) of section 12—14 provides for enhancement of the underlying offense of criminal sexual assault when any of the six aggravating factors are present. Subsection (b), however, is not an enhancement provision, but instead defines a separate offense based on the elements of sexual penetration and the age of the victim. Similarly, subsection (c) defines another offense based on the elements of sexual penetration and the disability of the victim. Therefore, because subsection (b) of section 12—14 was not intended to merely enhance an underlying offense, but was instead intended to create an *alternative* offense of aggravated criminal sexual assault, it does not suffer from the same constitutional infirmity as the aggravated arson statute at issue in *Johnson*.

For the reasons stated above we affirm the judgment of the circuit court.

Affirmed.

WELCH, P.J., and HOWERTON, J., concur.