**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 190683-U

Order filed April 4, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| | ) | of the 21st Judicial Circuit, |
| Plaintiff-Appellee, | ) | Kankakee County, Illinois. |
| | ) | |
| | ) | Appeal No. 3-19-0683 |
| v. | ) | Circuit No. 18-CF-203 |
| | ) | |
| SCOTT V. LATSARAS, | ) | The Honorable |
| | ) | Kathy S. Bradshaw-Elliott, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE LYTTON delivered the judgment of the court.
Justices Hauptman and Holdridge concurred in the judgment.

_____

**ORDER**

¶ 1      *Held*: Trial court abused its discretion in denying defendant's motion to withdraw his guilty plea to aggravated criminal sexual abuse charge where victim recanted soon after defendant pled guilty and defendant consistently denied any memory of alleged incident.

¶ 2      Defendant Scott V. Latsaras was charged with aggravated criminal sexual abuse of A.L., a minor. Six months later, defendant entered an open guilty plea. The trial court sentenced defendant to 48 months of sex offender probation. Defendant filed a motion to withdraw his guilty plea. At the hearing on the motion, defendant presented a videotaped statement from A.L., in which she

repeatedly asserted that defendant's actions were "on accident and not on purpose." The trial court denied defendant's motion. On appeal, defendant argues that (1) the trial court abused its discretion in denying his motion to withdraw his guilty plea, and (2) he was denied effective assistance of counsel. We reverse and remand.

¶ 3                                    BACKGROUND

¶ 4        In April 2018, defendant Scott Latsaras was charged with aggravated criminal sexual abuse (720 ILCS 5/11-1.60(c)(1)(i) (West 2018)). The indictment against him alleged that between March 24, 2014, and March 23, 2016, defendant "who was 17 years of age or older, committed an act of sexual conduct with A.L., who was under 13 years of age when the act was committed, in that the defendant knowingly placed his hands on the breasts of A.L. for the purpose of sexual gratification or arousal of the defendant." Defendant was a friend of A.L.'s father and lived with A.L. and her family during the time period alleged in the indictment.

¶ 5        On October 9, 2018, a hearing was held. At the hearing, defense counsel stated that defendant wanted to enter a blind guilty plea. The trial court read the indictment and asked defendant if he was "pleading guilty" and saying he "did this." Defendant initially replied, "Yes, ma'am." However, defendant then stated, "I don't recall doing it, Your Honor. I mean if I'm guilty of it, then I want to be held responsible for my actions but I -- I was drugging and [drinking] alcohol that night so I don't recall doing this." The trial court confirmed that defendant was pleading guilty, and defendant replied "Yes, I know."

¶ 6        The factual basis for the guilty plea was as follows:

"A[.]L[.] whose birthday is 3-25-05 would say that around the time when she was 9 or 10 years old she lived at 121 Elm Street in Momence, that the defendant had touched her nipples over her clothing. She indicated that she was with her brother

2

and the defendant in the basement. Her brother was playing a video game. She was sitting in an office chair. The defendant came up behind her and then he put his hands on her chest area and that he was touching and playing around with her nipples."

Defense counsel agreed A.L. would provide that testimony if she were called to testify at trial. The trial court entered a judgment of conviction.

¶ 7        On October 26, 2018, defendant, through his counsel, filed a motion to withdraw his guilty plea. The motion stated in part: "Defendant now desires this matter to be set for trial, due to new information received regarding the case." On March 20, 2019, the trial court sentenced defendant to 48 months of sex offender probation. On April 12, 2019, defendant, through counsel, filed another motion to withdraw his guilty plea. The motion was nearly identical to the original motion filed on October 26, 2018, and stated in pertinent part: "Defendant now desires to withdraw the plea, due to new information received regarding the case."

¶ 8        On October 7, 2019, the trial court held a hearing on defendant's motion to withdraw his guilty plea. At the hearing, defense counsel did not call any witnesses but presented a three-minute videotape of A.L. in which she responded to questions from her paternal grandmother regarding the alleged incident. After A.L. identified herself, the following exchange occurred between A.L. and her grandmother:

"[GRANDMOTHER]: And you wanted – want this to help Scott Latsaras in his case, correct?

[A.L.]: Nodding her head.

[GRANDMOTHER]: Okay. What do you want to say?

[A.L.]: That it was an accident and not on purpose.

3

[GRANDMOTHER]: Okay. What do you – what do you want to tell Scott?

[A.L.]: That it was an accident and not on purpose and sorry that he had to go through all this – go through all jail and everything that happened basically.

[GRANDMOTHER]: Did you make this without anybody telling you to say these things -- did anybody make you say what you are saying now?

[A.L.]: No.

[GRANDMOTHER]: Can you say it again?

[A.L.]: I just came up with all of it. Nobody told me to say any of it.

[GRANDMOTHER]: Okay. Do you believe that Scott has – well, I guess you would say you did say it that he suffered enough. Do you believe that he should have to go through any more – any more of what the judge had given him? In other words, do you -- he doesn't have to go and report all the time or be with a [*sic*] ankle bracelet on or anything like that? Do you think he should be back to his own personal self?

[A.L.]: Nodding her head.

[GRANDMOTHER]: Can you say yes or no?

[A.L.]: Yes.

[GRANDMOTHER]: Okay. Do you want to say anything to Scott?

[A.L.]: Pretty much everything I already said – that it was an accident not on purpose and sorry that you had to go through all this -- everything else.

[GRANDMOTHER]: Okay. I think you did very good. Thank you.

¶ 9    Defense counsel argued that A.L.'s statement constituted "new evidence." Defense counsel explained that shortly after defendant pled guilty, A.L.'s father came to her and told her that A.L.

4

"made up" the allegations against defendant because she "wanted him out of the house." According to defense counsel, defendant had been living with A.L. and her family for several years at that point and A.L. was tired of sharing a bathroom with him.

¶ 10 The State argued that A.L.'s videotaped statement was "suspect" because "clearly" A.L. was "being coached" and "being told by someone to say these things." According to the State, when A.L.'s father confronted defendant about A.L.'s allegations against him, he initially denied any wrongdoing but then said, "maybe it was an accident when he was drinking and he was only trying to tickle her[.]"

¶ 11 The trial court denied defendant's motion to withdraw his guilty plea, stating that "recantation is suspect under all of the law" and that "Grandma's questions *** were certainly coaching."

¶ 12 ANALYSIS

¶ 13 A defendant has no absolute right to withdraw a guilty plea. *People v. Feldman*, 409 Ill. App. 3d 1124, 1127 (2011). Rather, the burden is on the defendant to demonstrate that withdrawal of the plea is necessary. *Id*. Whether a guilty plea may be withdrawn rests within the sound discretion of the trial court. *People v. Cosby*, 137 Ill. App. 3d 854, 859 (1985).

¶ 14 The discretion of the trial court to permit the withdrawal of a guilty plea "should always be exercised in favor of innocence and liberty." *People v. Jameson*, 387 Ill. 367, 375 (1944). Our supreme court explained:

"The law favors a trial upon the merits by jury, and all courts should so administer the law and construe the rules of practice as to secure a hearing upon the merits, if possible. The least surprise or influence causing a defendant to plead guilty when he has any defense at all should be sufficient cause to permit a change of the plea

5

from guilty to not guilty. The withdrawal of the plea of guilty should not be denied in any case where it is evident that the ends of justice will be served by permitting the plea of not guilty in its stead." *Id.*

¶ 15 A court should allow a defendant to withdraw his guilty plea where (1) the plea was entered based on a misapprehension of the facts or law or because of misrepresentations by counsel, (2) there is a doubt of the defendant's guilt, (3) the defendant has a defense worthy of consideration, or (4) the ends of justice will be better served by submitting the case to a jury. *People v. Stevens*, 324 Ill. App. 3d 1084, 1090 (2001). "Subjective impressions alone are not sufficient grounds to vacate a guilty plea absent some objective proof that the subjective impressions were justified." *People v. Canterbury*, 313 Ill. App. 3d 914, 918 (2000).

¶ 16 A defendant's misapprehension of facts or law will not support withdrawal of a guilty plea where the defendant simply misjudged the strength of the State's case. *People v. Mercado*, 356 Ill. App. 3d 487, 494 (2005). However, where the defendant pleads guilty based on his belief that the State has sufficient evidence with which to obtain a conviction against him, and a witness later recants, thereby calling into question the evidence against him, the defendant should be allowed to withdraw his guilty plea. See *id.*

¶ 17 Recantation by a witness does not always entitle a defendant to a new trial because recantations are "inherently unreliable." *People v. Steidl*, 142 Ill. 2d 204, 253-54 (1991). However, when the witness who provides the only evidence against the defendant recants, the defendant should be allowed to test that witness's credibility at trial." *Mercado*, 356 Ill. App. 3d at 495; see also *In re Clements*, 106 P.3d 244, 247 (Wash Ct. App. 2005) (where recanted evidence is the sole basis for a guilty plea, a trial court abuses its discretion by denying a defendant's motion to withdraw guilty plea).

6

¶ 18    In *Mercado*, the Second District ruled that the trial court abused its discretion when it denied the defendant's motion to withdraw his guilty plea after the victim recanted because the victim provided "the only testimony about what happened." 356 Ill. App. 3d at 495. The court in *Mercado* relied on *State v. Fritz*, 755 P.2d 444 (Ariz. Ct. App. 1988), where the Arizona appellate court affirmed the trial court's order allowing the defendant to withdraw his guilty plea of attempted sexual conduct with a minor after the victim recanted. The Arizona court stated:

> "If the sole basis for the strength of the state's case is the credibility of the victim, as is usually the case in non-witnessed sexual assaults, and the defendant's plea is based upon the supposition that the victim will be believed, then it appears in the interest of 'manifest justice' that when the victim's credibility is called into question by a recantation, the trial court does not abuse its discretion by allowing a plea to be withdrawn in order that the victim's credibility be tested in the crucible of trial." *Fritz*, 755 P.2d at 446.

¶ 19    Not every defendant who wishes to withdraw a guilty plea may do so based on a witness's recantation. *Mercado*, 356 Ill. App. 3d at 497. "Rather, the trial court must still exercise its discretion and determine whether a proper basis exists to withdraw the plea." *Id*. Factors that a court should consider in determining whether a defendant should be allowed to withdraw a plea following a recantation include: (1) the existence or absence of evidence corroborating the recantation, (2) when the recantation takes place in relation to when the defendant is convicted and sentenced, (3) whether the recantation is from the victim or someone else, such as relatives of the defendant, (4) what motive the victim had to make the initial accusations, and (5) whether the defendant has repeatedly claimed his innocence. *Id*. at 498.

¶ 20    Here, defendant pled guilty to aggravated sexual abuse. "A person commits aggravated sexual abuse if: (1) that person is 17 years of age or over and: (i) commits an act of sexual conduct with a victim who is under 13 years of age ***." 720 ILCS 5/11-1.60(c)(1)(i) (West 2018). "'Sexual conduct' means any knowing touching or fondling by the victim or the accused, either directly or through clothing, of the sex organs, anus, or breast of the victim of the accused, or any part of the body of a child under 13 years of age *** for the purpose of sexual gratification or arousal of the victim or the accused." *Id.* at § 11-0.1. " '[S]exual conduct' *** describe[s] intentional acts of a sexual nature." *People v. Kolton*, 219 Ill. 2d 353, 369 (2006).

¶ 21    Criminal sexual abuse requires "culpable intent." *People v. Ramsey*, 190 Ill. App. 3d 723, 726 (1989). Conduct that is accidental is not intentional or knowing. See *People v. Lee*, 2017 IL App (1st) 151652, ¶¶ 19, 22; *Torf v. Chicago Transit Authority*, 405 Ill. App. 3d 379, 385 (2010); *People v. Phillips*, 392 Ill. App. 3d 243, 258 (2009); *People v. Robinson*, 379 Ill. App. 3d 679, 684-85 (2008).

¶ 22    Based on our review of the relevant factors set forth in *Mercado*, we find that the trial court abused its discretion in denying defendant's motion to withdraw his guilty plea. First, A.L. recanted by asserting that defendant's conduct was "an accident and not on purpose." To constitute criminal sexual abuse, a defendant's conduct must be intentional or knowing. See 720 ILCS 5/11-0.1 (West 2018); *Kolton*, 219 Ill. 2d at 369; *Ramsey*, 190 Ill. App. 3d at 726. Accidental conduct is not intentional or knowing. See *Lee*, 2017 IL App (1st) 151652, ¶¶ 19, 22; *Torf*, 405 Ill. App. 3d at 385; *Phillips*, 392 Ill. App. 3d at 258; *Robinson*, 379 Ill. App. 3d at 684-85. Thus, A.L.'s statement that defendant's conduct was "an accident and not on purpose" negates an essential element of the crime to which defendant pled guilty and amounts to a recantation. See *State v. Fields*, 181 S.W.3d 252, 256 (Mo. Ct. App. 2006) (victim recanted when she denied essential

8

element of crime); *Hubbard v. State*, 912 So. 2d 629, 630 (Fla. Ct. App. 2005) (victim recanted where her testimony negated essential element of offense).

¶ 23    Moreover, both A.L. and defendant made statements corroborating A.L.'s recantation. Corroboration, by its nature, makes it more probable than not that a fact to be corroborated is true. *People v. Arcos*, 282 Ill. App. 3d 870, 875 (1996). A.L.'s grandmother's questions in the video indicated that A.L. had previously told her grandmother that defendant did not purposely touch her breasts. Additionally, defense counsel asserted that A.L. also admitted to her father that she "made up" the allegations against defendant because she wanted defendant out of her house. These statements corroborate A.L.'s recantation. See *People v. Davis*, 137 Ill. App. 3d 769, 771 (1985) (consistent out-of-court statements can be used as corroboration). Defendant's statement to A.L.'s father that he may have inappropriately touched A.L. as the result of "an accident when he was drinking and *** trying to tickle her" corroborates A.L.'s recantation that what defendant did was "an accident and not on purpose." See *People Kadow*, 2021 IL App (4th) 190103, ¶ 35 (a defendant's statements can constitute corroboration of a victim's statements); *People v. McMillan*, 86 Ill. App. 3d 208, 212 (1980) (defendant's statements to police corroborated victim's testimony).

¶ 24    The second *Mercado* factor supports allowing defendant to withdraw his guilty plea because A.L.'s videotaped statement was made soon after defendant pled guilty. Just 17 days after defendant pled guilty and before he was sentenced, defendant filed a motion to withdraw his guilty plea "due to new information received regarding the case," presumably A.L.'s videotaped statement. Three weeks after defendant was sentenced, defendant filed another motion to withdraw his guilty plea, again "due to new information received regarding the case." At the hearing on the motion, the "new information" presented by defendant was the videotape of A.L.

9

¶ 25 Next, the recantation came from A.L., the alleged victim, not a member of defendant's family. A.L. was questioned by her paternal grandmother, who had no familial relationship with defendant. This factor supports our finding that the trial court abused its discretion in denying defendant's motion to withdraw his guilty plea. See *Mercado*, 356 Ill. App. 3d at 498 (recantation from victim most persuasive).

¶ 26 Fourth, A.L. may have had a motive to falsely accuse defendant. At the hearing on the motion to withdraw guilty plea, defense counsel stated that A.L. made the allegations against defendant because she "wanted him out of the house." Defendant had been living with A.L. and her family for several years and A.L. was tired of sharing a bathroom with a man who was not a member of her family. Thus, A.L. may have had a reason to falsely accuse defendant of inappropriately touching her, and, later, once defendant was no longer living in her house, to recant those accusations.

¶ 27 Finally, it is significant that defendant consistently denied having any memory of inappropriately touching A.L. At the guilty plea hearing, defendant stated: "I don't recall doing it." Nevertheless, defendant pled guilty, stating, "I want to be held responsible for my actions." Additionally, when A.L.'s father confronted defendant about the allegations A.L. made against him, defendant denied remembering any such incident and then stated that if he had touched A.L.'s breasts it must have been on accident while he was "trying to tickle her" when he was drunk. Defendant's repeated and consistent denials of any memory of intentionally touching A.L.'s breasts for the purpose of sexual gratification or arousal support allowing him to withdraw his guilty plea. See *Mercado*, 356 Ill. App. 3d at 498-99.

¶ 28 In this case, defendant pled guilty based on his belief that if he went to trial, A.L. would have testified that defendant purposefully and intentionally "came up behind her and then he put

10

his hands on her chest area and that he was touching and playing around with her nipples." However, in her videotaped recantation, A.L. asserted that defendant's touching was "an accident and not on purpose." According to the factual basis provided by the State at the guilty plea hearing, A.L. would have provided the only testimony against defendant, so her credibility is of the utmost importance. See *id.* at 498. A.L.'s videotaped statement, which raises questions about her credibility, should have been given appropriate consideration by the trial court. Instead, the trial court disregarded A.L.'s videotaped statement, finding it to be "suspect" under the law. However, the State presented no evidence to contradict A.L.'s statements in the video; the trial court should not have disregarded that evidence. See *People v. Hood*, 2021 IL App (1st) 162964, ¶¶ 37-39 (trial court improperly rejected unrebutted recantations of witnesses); *Sagle v. McClellan*, 9 Ill. App. 2d 109, 114 (1956) (trial court has no right to disregard unimpeached testimony and uncontradicted evidence).

¶ 29 The evidence presented at the hearing on defendant's motion to withdraw his guilty plea was sufficient to establish that at the time defendant pled guilty he was under a misapprehension of fact that made him unaware of the existence of a defense worthy of consideration. Under the circumstances presented here, we find that there is a doubt as to defendant's guilt and that the ends of justice will be better served by a trial on the charge of aggravated criminal sexual abuse. Thus, we reverse defendant's conviction and remand to the circuit court with directions that defendant be permitted to withdraw his guilty plea and plead anew. In reaching this result, we note that our decision has no bearing on defendant's success in future proceedings. See *Mercado*, 356 Ill. App. 3d at 499. By allowing defendant to withdraw his guilty plea, we are merely affording him an opportunity to test at trial the credibility of the State's only witness. See *id.* In view of our decision, we need not consider defendant's remaining contentions on appeal.

11

¶ 30                                    CONCLUSION

¶ 31        The judgment of the circuit court of Kankakee County is reversed and the cause is

remanded.

¶ 32        Reversed and remanded with directions.